## No. 8954.

THE STATE OF LOUISIANA VS. JOHN KANE AND GUSTAVE HUNTER.

The trial judge has large discretion in granting continuances, which will not be interfered with unless for good cause.

A refusal to permit a prisoner's counsel to ask a State witness on cross-examination, if he was not anxious to have the prisoner convicted, is good ground for reversal of the judgment, but when the question was answered without hindrance, and the court afterwards interfered solely to prevent the intimidation of the witness, it is not error.

Great latitude is permitted in the cross-examination of witnesses on a criminal trial, and the feelings, motives and prejudices of a witness may be probed by either side.

Want of service of a copy of the indictment must be pleaded *in limine*, and cannot be moved in arrest of judgment. *A fortiori* must non-service of a list of witnesses, upon whose testimony the bill was found, be pleaded before going to trial, even if the prisoner was entitled to have such list delivered to him.

A prisoner has not the right, under our statute, to have delivered to him a list of the witnesses who appeared before the grand jury, and therefore it is not essential with us that the names of such witnesses shall be indorsed upon the bill.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

_____

J. C. *Egan*, Attorney General, for the State, Appellee.

F. C. *Zacharie* and L. *Marrero* for Defendants and Appellants.

_____

The opinion of the Court was delivered by

MANNING, J. The defendants were indicted for the murder of one John Leahy. Hunter was acquitted, Kane was convicted without capital punishment, and was·sentenced to hard labor for life. He appeals, and relies for reversal on these points :

1. He was indicted on March 12, 1883, and arraigned on same day. His trial was fixed for April 25, and due notice given to him. On that day, at his instance a continuance was granted. The case was again set for trial on May 3, and on that day a second continuance was granted on his motion, and the case fixed for May 14, when a third continuance was prayed by him on the ground of newly discovered evidence. The judge refused it because he believed the only object of the defendant was delay, and that proper diligence had not been used.

The affidavit of the prisoner fails to allege that the facts, which he expects to prove by the newly discovered witnesses, are within their exclusive knowledge, and from his own showing there were many persons present. The trial judge is entrusted with large discretion in the matter of granting continuances, and we disturb the exercise of it only for good cause, which is not shown here. State vs. Nelson, 28 A. 46; State vs. Hornsby, 33 A. 1110.

| | |
|---|---|
| 36 | 153 |
| 45 | 1044 |
| 36 | 153 |
| 52 | 118 |
| 52 | 1356 |
| 36 | 153 |
| 116 | 33 |
| 117 | 386 |
| 36 | 153 |
| 124 | 1063 |

2.  The second bill was to a remark of the judge which is alleged to be an expression of opinion on the credibility of a witness.

The witness was asked by the defendant's counsel on cross-examination, "are you anxious to have this man convicted?" who answered promptly and decidedly, "no." Then the judge remarked that the question under the circumstances was not a proper one, and that "nothing in the manner, still less in the answers of the witness, justified the counsel in thus rudely addressing him—that had the witness showed unwillingness or anything akin to prejudice, the court would allow counsel to ascertain that fact, but it never said or intimated even remotely anything of the credibility of the witness."

The judge was in error in stating the question was not proper. A refusal to permit that question to be answered would have been good ground for reversal.  State vs. Adams, 14 A. 620.  But there was not a refusal—the witness had already answered the question—on the contrary, the judge said he would allow counsel to ascertain whether there was unwillingness to testify or prejudice on the part of the witness.  His interference seems to have been to prevent rudeness to the witness—to prevent his intimidation—and it is certainly within his province to do that.  Great latitude is permitted in cross-examination on a criminal trial, and it is perfectly proper and may often be necessary to probe the feelings, prejudices and motives of a witness.  Questions directed to that end are permissible, but when once answered without evasion or quibbling, there seems no reason for a repetition of them.  They may be repeated however, and in various forms, whenever the witness shuffles, or is obdurate, or from any other cause it becomes necessary to test his fairness and impartiality.  The witness in this case had answered the question with directness and promptitude.

3.  Arrest of judgment was moved for that the names of the witnesses, upon whose testimony the indictment was found, are not indorsed upon it.

It might be sufficient to say that the objection, if valid, comes too late, and cannot avail the prisoner in a motion for arrest.  It has been held repeatedly that want of service of a copy of the indictment must be pleaded before going to trial.  State vs Jackson, 12 A. 679; State vs. Fuller, 14 A. 667 and authorities cited in both of these decisions; State vs. Clark, 23 A. 194.  If the prisoner cannot plead non-service of the criminal charge against him in a motion to arrest, *a fortiori* he cannot plead non-service of the names of the witnesses by whom that

charge is to be supported, in that way. But as the defendant's counsel urges with earnestness that the defect or omission is of essence and not merely of form, and the point has never been adjudicated in this State, it may be well to notice it further.

At common law no such right existed, but it was conferred by the Statute of Anne, and since then, this and kindred matters have been regulated by statute. The right to have a list of the witnesses duly served appears in all the statutes, along with the right to have served a copy of the indictment and of the venire. Under the statutes of many of our States the prisoner is entitled to have both a copy of the indictment, and a list of the witnesses examined before the grand jury, before going to trial. 1 Bishop, Crim. Proc. sec. 959, and hence originated the practice of endorsing the names of the witnesses upon the bill. In the States that have no statute of their own upon the matter, their practice is regulated by the Statute of Anne, as ours would be by virtue of the Act of 1805, directing that criminal proceedings shall be governed by the practice in common law courts unless otherwise provided. But we have otherwise provided by our own statute, which requires that an accused person "shall have a copy of the indictment and the list of the jury who are to pass on his trial delivered to him," Rev. Stats. sec. 992, and omits *ex industria* to accord to him a like delivery of a list of the witnesses upon whose evidence the bill was found, or of those who are to testify against him on the trial. That is, therefore, the rule for our practice, and it has been observed in this case.

Judgment affirmed.

Rehearing refused.

### DISSENTING OPINION.

POCHÉ, J. I dissent from the opinion of the majority on the application for rehearing. I believe that defendant's second bill of exceptions should have been sustained.