## No. 9701.

### THE STATE OF LOUISIANA VS. NATHAN MASON AND WILLIAM RICHARDSON.

1. An objection urged, after verdict, that the accused was not served with the list of the jury, comes too late. 23 Ann. 620, 621.

2. An accomplice joined in the same indictment with the prisoner to be tried, may testify, provided he be not put on trial at the same time. 23 Ann. 78; 25 Ann. 522; 7 Ann. 379.

3. While the jury may convict on the testimony of an accomplice alone, the judge should caution them, in prudence, not to return a verdict of guilty unless such evidence is corroborated—but this Court will not control him as to the language he shall employ in giving them such instructions.

APPEAL from the Seventh District Court, Parish of Franklin. *Ellis*, J.

*M. J. Cunningham*, Attorney General, and *L. A. Thompson*, District Attorney, for the State, Appellee:

The action of the trial judge in overruling a motion in arrest will not be reviewed on appeal unless a bill of exception is taken thereto.

State vs. Mason et al.

Compelling accused to go to trial without a copy of the venire, furnishes no legal ground for a motion in arrest. Such complaint must be presented by bill of exceptions to thus being forced into trial prematurely, over his objections made at the proper time, as shown by the minutes, and to the ruling objected to a bill of exceptions must be taken; otherwise, it cannot be reviewed.

The circumstance that a witness may be an accomplice, can only affect his credibility, of which the jury is the exclusive judge; and a conviction based upon his uncorroborated evidence is legal. 25 Ann. 522; 35 Ann. 135.

*J. W. Willis* for Defendants and Appellants:

The testimony of an accomplice is insufficient to secure a conviction, unless he is corroborated by other evidence connecting the accused with the offense committed, and such corroboration is not sufficient if it merely shows the commission of the offense. Bish. on Cr. Procedure, 1 vol. 1169, 1150 and 1170; Whar. Cr. Ev. § 441; Whar. Cr. Law, § 789; Greenleaf on Ev. 1 vol. § 380; Phillips on Ev. 1 vol. pp. 37 and 41; Hales P. C. 1 vol. § 305; 23 Ann. 79; 68 Mo. 52; 64 Mo. 394; 52 Ga. 57; Hawley's American Cr. Reports, 1 vol. p. 194; 3 vol. p. 326; 55 Miss. 455; 34 Iowa, 453; 50 Cal. 480; 39 Cal. 403; 1 Tex. 301; 43 Tex. 170; 34 Tex. 133; U. S. vs. Troax, 3 McLean, 224; U. S. vs. Harris, 2 Bond, 317.

The opinion of the Court was delivered by

WATKINS, J.    William Richardson, one of the accused, charged with entering in the night-time a certain store-house of one T. A. Scott, and that same he did wilfully, feloniously and burglariously, break and enter, with the intent to steal, take and carry away certain goods, money, etc., was duly convicted, and sentenced to three years imprisonment in the penitentiary, and from the verdict of guilty, and the judgment of the court, he prosecutes this appeal.

His counsel rests his case on two grounds, viz:

1st.    The refusal of the trial judge to charge the jury as he had requested.

2d.    The accused having been ordered to trial without being previously served with a copy of the *venire.*

I.

To the former objection, it is sufficient answer to say that the indorsement of the sheriff on the information shows that the accused was served on the 8th of February, 1886, and the minutes of the court show that the trial occurred on the 12th of same month—hence, "two entire days" intervened between the day of service and the day of trial; and the law was fully complied with. R. S. sec. 992.

Besides, the objection being made, *after verdict*, that the accused was not served with a correct list of the jury comes too late. 23 Ann. 620, State vs. Vester; 23 Ann. 621, State vs. Axiom.

II.

The refusal of the trial judge to give the jury a requested charge is made the subject of a zealous and earnest argument by the counsel for the accused.

It is *ipsisimis verbis:* "Gentlemen of the Jury: If you believe from the evidence that the witness, Tom Smith, was present and aided and assisted, and encouraged the burglary charged to have been committed with a criminal intent, you must acquit the accused, Wm. Richardson, unless you find that the testimony of the said witness, Tom Smith, is corroborated by other evidence connecting the accused, Wm. Richardson, with the offense charged to have been committed; and the corroboration is insufficient if it *merely* shows the commission of the offense."

It has been held by this Court's predecessors that an accomplice, joined in the same indictment with the prisoner to be tried, may testify; provided he be *not put on trial at the same time.* 23 Ann. 78, State vs. Boyone and Abrieil; 25 Ann. 522, State vs. Prudehomme; 7 Ann. 379, State vs. Conner; 4 Ann. 435, State vs. McClaire

The diligent counsel has collected quite a number of common law authorities, as well as decisions of the courts of other States, to the general effect that it is the duty of judges, "while explaining to the jury their right to convict on it"—(the testimony of an accomplice)— "*alone,* to caution them concerning it, advising them *in prudence,* not to return a verdict of guilty unless in their opinion it is confirmed by evidence from a purer source." Bishop on Crim. Procedure, 1 vol. secs. 1169, 1150, 1170, *et sequiter;* Wharton's Crim. Evidence, sec. 441; Wharton's Crim. Law, sec. 789.

Conceding, *arguendo,* the correctness of the rule mentioned as prevailing elsewhere, this record does not disclose that the witness in question was not corroborated by other witnesses.

While, under the given state of facts indicated in opinions of the learned authors quoted, the rule may be correct, yet the record under consideration should disclose their applicability in order to render the requested charge a proper one.

In the record appears an extract from a distinct and different charge, given by the judge *a quo* in lieu of the one demanded for the accused, and in which he says to the jury: "I will simply say that in weighing the testimony of one who has turned State's evidence, you should take this circumstance into consideration, as you would *any other* circumstance, which might affect the testimony of a witness who testifies— and if you are satisfied that this circumstance, or any other, has been of sufficient weight to induce him to speak falsely, and that he had done so, it would be your duty to reject such testimony."

This charge we think responds to the just demands of the accused, and that he has no reasonable ground of complaint.

Judgment affirmed.