### No. 11,801.

### THE STATE OF LOUISIANA VS. DANIEL MURRAY.

Jury commissioners may be appointed by the judge out of term time, and the fact of the appointment and the evidence of the same may be recorded by the clerk in the minute book at that time.

In all cases where correct copies of indictment and service have not been served on the accused, he must make his objections before trial, otherwise he will be considered as having waived them.

APPEAL from the Eighteenth Judicial District Court for the Parish of Lafourche.   *Caillouet, J.*

*M. J. Cunningham,* Attorney General, and *B. F. Winchester,* District Attorney, for Plaintiff, Appellee, cite:   44 An. 783, 976; 45 An. 1164.

*Beattie & Beattie* for Defendant, Appellant.

Submitted on briefs, May 11, 1895.
Opinion handed down, May 20, 1895.

The opinion of the court was delivered by

McENERY, J.   The accused was indicted for murder, convicted of manslaughter and sentenced to hard labor for twenty years.

Two grounds were presented for quashing the indictment; (1) that the jury commissioners who drew the venire were appointed out of term time; and, (2) that their appointment was not spread upon the minutes during the session of the court.

It is urged that the appointment of commissioners is a judicial act which could only be performed by the judge in open court.   It may be, as contended, a judicial act, but it is not one required to be done contradictorily with any party.

It is one of those acts which can be done in chambers, as well as in open session, and there are circumstances which may make it imperative to appoint the commissioners during vacation, between terms of court.   Act 89 of 1894 does not require the appointment of the jury commissioners to be made during the term of court, and while in session.

Act 44 of 1877 contained the same provisions as the above mentioned act.   In several cases we recognized the legality of the appointment of commissioners during vacation, or when the court was not in session.   State vs. Taylor, 44 An. 783; State vs. Hall, 44 An. 976.

The appointment was of record in the clerk's office, subject to the inspection of any one interested. The defendant had ample opportunity to examine the record and ascertain the qualification of the commissioners to hold their offices. Whether their appointment was regular or not, made in or out of term time, does not concern him. He is not a contestant for the office; and is not concerned as to its title. He is only interested to the extent that the commissioners are qualified to hold the office.

With reference to the appointment of the commissioners, and the spreadiug upon the minutes the fact of the appointment, and the evidence of the same, the same provisions in Act 89 of 1894 were in Act 44 of 1877. In the case of State vs. Taylor, 44 An. 783, we said that where the clerk failed to record in the minutes the evidence of the appointment of the commissioners, this omission could not have the effect of destroying the fact of the appointment and render null and void the act of the judge in making the selection of jury commissioners, and that the Sec. 3 of the Act 44 of 1877 (which corresponds with Sec. 3 of Act 89 of 1894) was only directory. But in this case the evidence of the appointment of the commissioners was placed on the minute book, although it was done out of term time. The recordation of the evidence out of term could no more destroy the fact of appointment than the omission to record it at any time.

There were thirty jurors drawn to serve during the week of the trial of the accused. In serving the copy of the venire on him, only twenty-nine jurors' names appeared on the list. During the trial a juror's name was called, and it appeared that he was the one whose name had been omitted from the venire list.

The accused at once moved to quash the venire for that week. It was no ground for quashing the venire because a correct copy of the venire had not been served on the accused. There were probably other parties to be tried, upon whom a list of the venire had been properly served. The only interest of the accused was to have had a correct copy of the venire served on him, and if this had not been done, he was entitled to delay until it could be served. State vs. Stewart, 47 An. 425.

The accused made no request for delay. The juror did not serve on the trial of accused. We can not conceive wherein was the injury done him, and the just cause of his complaint. In all cases where a correct copy of the indictment and venire are not served

on the accused, objection must be made before going to trial. The originals are on record, and the only way of ascertaining if correct copies have been served is by making an examination and comparison. If the accused goes to trial without making this examination and without timely objection, he will be considered as having waived all objections to the service of the copies of indictment and venire.

Judgment affirmed.