BREAUX, J.
The accused Joseph Burns was indicted for rape of one Mamie Morris; also the accused Alexander Williams of one Lilly Works. Both crimes are charged to have been committed at the same date. The jury returned a verdict of guilty, without capital punishment, and from that verdict, and the sentence to suffer imprisonment at hard labor for the period of their natural lives, they appeal. They (defendants) are colored. The two cases were, by consent of counsel, consolidated and tried together—a practice, we are constrained to say, which cannot meet with our approval. 1 Bishop Criminal Procedure (3d Ed.) p. 1045. Here all the forms have been observed in each case, and no objection is urged. We hope we will never be called upon to pass upon any -other similar consolidation.
There was a motion to quash filed by defendant Alexander Williams on the ground, alleged, that the state had in another indictment returned on the same day by the same grand jury against him (accused Williams) charged him with having attempted to commit the crime for which he was called upon to answer, and which he was charged with having consummated. In other words, that in one indictment he was charged with having attempted to commit the crime, and in the other he was charged with having committed the crime.
The trial judge overruled this motion to quash, from which ruling no formal bill of exceptions was reserved, so that the matter is before us without bill of exceptions reserved in due form, and without copy of the bill of indictment brought up in form, needful to show that this accused had been indicted as alleged for an attempt to have committed the deed.
In the absence of a bill of exceptions as required in a criminal case, no question is presented for decision on appeal in a matter which jurisprudence has determined should be brought up by such a bill.
All the facts necessary to enable the court to decide whether the questions are within its jurisdiction must be made to appear by this bill.
Going, nonetheless, a step further than we consider actually necessary, we arrived at the conclusion that, even if the evidence were embodied in a bill of exceptions, the decisions are against defendant’s contention.
For the plea of lis pendens does not hold as in civil cases. If justice requires it, the court, in its discretion, will quash one of two pending indictments. Nonetheless, a man may be held on two or more indictments without that fact being of itself a bar to proceeding under one of the two.
We have seen that in one of the indictments it appears that defendant was charged with having intended to commit the crime, and in the other indictment with having committed the crime. The charges were not absolutely similar. The defendant was without right to insist upon his demurrer to quash the indictment on this ground. 1 Bishop’s New Criminal Law (8th Ed.) p. 1014; 1 Bishop’s Procedure (4th Ed.) p. 770.
The defendant was not, as urged by his counsel, twice placed in jeopardy of life or liberty for the same offense. He had not been placed in jeopardy at all under either indictment at the time that the demurrer was overruled, and therefore the demurrer on this ground has no merit.
It must be borne in mind that, while the accused had been indicted for the alleged attempt, he had not been called upon to plead to the charge. The motion to quash was properly overruled.
This brings us to the bill of exceptions in the record by which it appears that the judge, for cause deemed sufficient, excused a juror, against the wishes of the defendant. It has been held by this court, in passing upon a similar question, that a trial judge, in rejecting a juror challenged for cause by the *437 state, does not thereby, of necessity, afford ground of complaint to the accused. State v. Creech, 38 La. Ann. 480, citing a number of decisions.
There are questions left to the trial judge to determine, in .the course of the trial, which fall within the discretion with which he is intrusted.
Unless it appears that the accused has been in some way prejudiced by the ruling, usually the verdict and sentence will not be annulled, even if the discretion has been extended to its full limit.
In another bill of exceptions reserved by the defendants, it is set forth, in terms, by the court, in the court’s narrative made part •of this bill, that the sheriff to whom confession was made, it seems, had made no promise to the accused of hope or reward or threats, with a view of obtaining a statement from them.
Counsel for the accused insist that a proper foundation had not been laid to admit the testimony of confession. We cannot imagine how it was possible for the sheriff to have shown more directly that the confession had been freely and voluntarily made, than by testifying to the fact to which we have just referred.
If there was anything about the place at which this confession is said to have been made, or in regard to the condition under which it was obtained, it devolved upon the defense to bring out the facts by needful cross-examination. After the officer had been asked if he had made any promise whatever to the accused, he was asked “whether the accused had made a voluntary statement, and what was the substance of that statement, and the place where the statement was made, if any?”
The foregoing is the question propounded to the officer to which the defense object, in connection with their ground that, the foundation had not been laid for the admission of the testimony of confession.
The ground of objection of the defense was that it had “not been shown whether these accused were then confined in jail or in a dungeon, or any place of confinement, and until the state has laid a full foundation as to the circumstances, place, and conditions under which the alleged confession was made, the question or statement asked is irrelevant and not admissible.”
The purpose of the question, it seems to us, was to elicit the very facts which the defense urge were not shown. The foundation could not have been laid without permitting the district attorney to imopound the question objected to, or one to the same effect.
The foundation could not be laid without proper questions to that end. This is the only issue presented in this bill of exceptions. It is unnecessary to discuss the question urged—that the jury was permitted to hear the question.
It does not appear that the least objection was offered at the time on that ground. It suffices to say that it does not appear to us that the confession was admitted before ample foundation had been laid.
With reference to the next bill of exceptions, it appears that on the trial of the ease the state offered John Procter as a witness, “who was jointly indicted in another indictment with the accused for breaking' and entering in the nighttime with the intent to commit rape”—the same offense for which the accused was prosecuted.
Counsel for the accused objected to the testimony of this witness on the ground that he “was jointly indicted with the accused for attempting to commit the crime of rape; that he was an accomplice, and, as such, an incompetent witness.”
It is well settled that the fact that a witness was an accomplice may affect his credibility, not his competency. The jury are the judges of the weight to be given to his testimony. To the bare question, is an accomplice a competent witness? we must answer, “Yes,” and that is the only issue here. The questions of corroboration of testimony, failure to instruct, do not arise here. If they did arise, we are not inclined to think they would afford ground for reversal, where it does not appear that there was some prejudice, of which the accused had the right to complain, growing out of the failure to observe the law’s requirement.
The defense interposed a motion for a new trial, after verdict had been returned, on the ground and for the reason that the accused were indicted for a capital offense on *439 Monday, September 7, 1903, “and tbe said Burns was compelled to plead on tbe same day, and tlie said Williams was compelled to plead on Wednesday, tbe 9th, and go to trial on Saturday, Sexitember 12th, only six days after the finding of the indictment, and three days after arraignment.
“That, if continuance had been granted, * * * movers would have been able to procure other witnesses to prove the character of the prosecuting witness, and to prove by other witnesses that they had been invited to the home of the prosecuting witness, who consented to the intercourse.”
'The grounds set forth further that the only witnesses to the actual commission were the prosecuting witness, a woman of about 45 years of- age, who testified that she was raped by the accused, Burns, a boy of about 15 years; and the other accused, a boy of about 20, testified that she had been raped by the other accused, who testified that at the same time she was raped by Williams, about 18 years of age. These facts are only charged. No proof was brought up by bill of exceptions in their support.
The other grounds of the motion have already received our attention, and have, in substance, been disposed of.
No bill of exception was taken to the refusal of the judge to grant the new trial.
It is well settled by repeated decisions that no evidence upon the motion for new trial can be considered on appeal unless brought up by bill of exceptions. There is not a particle of evidence in any way going to show that the facts are as alleged in the motion for a new trial, except that relating to the precipitancy in bringing on the trial of these accused, and as to this the only evidence consists of the entry in the minutes. As they are before us, we have deemed it proper, even without a bill of exceptions reserved, to examine into the question to the extent possible with only this evidence before us.
We do not gather from these entries that there was undue haste, as alleged by the accused.
The facts are the court met on the 7th of September, 1903, and a “true bill” found, which was filed in open court. The accused was called to plead to the indictment. One entered the plea of not guilty. The other asked for a delay until the 9th. On that day he was called upon to plead, and he did plead, and entered the plea of not guilty. The ease was then assigned to be tried on the 12th of that month. On the day the case was assigned, no objection was urged. When it was called for trial on the day assigned, counsel, in their motion for a continuance, alleged that they had been recently employed to defend the accused, who stood charged with a crime punishable by death; that one of the counsel was appointed by the court to defend accused Michel on the day he was arraigned, and the other counsel was employed by the other accused on the day preceding the arraignment; that the accused were in jail, at some distance from the residence of counsel; that they could not in the short time sufficiently acquire knowledge of the facts to enable their clients safely to go to trial. The court overruled this motion, and no bill of exceptions was reserved.
We have limited our inquiry to ascertaining whether the accused had been prejudiced by these different dates stated in the minutes, a copy of which should have been embodied in a bill of exceptions.
Beyond the motion for a continuance, counsel have made no showing for a continuance. It is not made to appear in the manner required that a single witness was absent, or that the accused suffered prejudice in any' way by the trial on the day before mentioned. The court will not assume, upon motion of accused, through counsel, that there was not sufficient time given to the accused within which to prepare for their defense.
In the absence of a certified statement in a bill of exceptions, it is fair to presume that the district judge was aware of the circumstances, and that he did not hastily and arbitrarily force the accused to trial.
We have gone to the full limit of authority in examining into the issues of this case, and found no ground in law to grant them relief.
We have made a full statement in order to bring out the issues to be decided. On every point we have not found it possible to set aside the verdict and sentence.
*441 It only remains for us to affirm the ver•dict and judgment.
The law and the evidence being with the .state, the verdict and sentence are affirmed.