(64 South. 873.)

No. 20,387.

STATE v. HAWTHORN.

(March 30, 1914.)

*(Syllabus by Land, J.)*

1. CRIMINAL LAW (§ 1151*) — APPEAL — DISCRETIONARY RULINGS.

Motions for a continuance or delay and motions for a new trial are addressed to the sound discretion of the trial judge, and the exercise of such discretion will not be interfered with by the Supreme Court, except in clear cases of abuse.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3045–3049; Dec. Dig. § 1151.*]

2. CRIMINAL LAW (§ 651*) — TRIAL — VIEW BY JURY.

The judge properly refused to permit the jury to go into the state of Mississippi to view

a bull alleged to have been stolen by the defendant in the state of Louisiana.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1516–1519; Dec. Dig. § 651.*]

3. CRIMINAL LAW (§ 593*) — CONTINUANCE — GROUNDS.

The absence of leading counsel, occasioned by his duties as a member of a state constitutional convention, has not as yet been made a statutory ground for the continuance of cases in which he may be retained.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1320; Dec. Dig. § 593.*]

4. CRIMINAL LAW (§ 594*) — CONTINUANCE — ABSENCE OF WITNESSES.

Where absent witnesses reside in another state, the granting or refusing of a continuance is within the sound discretion of the trial judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332; Dec. Dig. § 594.*]

Monroe, J., dissenting.

Appeal from Tenth Judicial District Court, Parish of Concordia; John Dale, Judge.

V. B. Hawthorn was convicted of stealing a bull of the cow kind, and appeals. Affirmed.

John E. Clayton, of Vidalia (Hugh Tullis, of Baton Rouge, of counsel), for appellant. R. G. Pleasant, Atty. Gen., and A. E. Green, Dist. Atty., of St. Joseph (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Defendant was indicted for stealing a bull of the cow kind in violation of Act 64 of 1910. He was tried, convicted, and sentenced to five years at hard labor in the state penitentiary. He has appealed, and relies for reversal on 18 bills of exception as shown by the record.

In a bill of particulars filed by the district attorney the animal alleged to have been stolen is described as—

"a bull of the cow kind, about 3½ years old, dark red in color, muley, about 850 pounds in weight."

On the trial the prosecution adduced evidence tending to prove that the animal so

described belonged to W. T. Smith of Concordia parish, and was sold by defendant to one Borsey Stewart. The defense was twofold: First, that the bull so sold was not the Smith bull; and, second, that the animal was purchased by defendant from T. S. Stiles in the state of Mississippi, and brought by him to his home in Concordia parish several months before the disappearance of the Smith bull.

Defendant was indicted on November 4, 1913, was arraigned the next day, and, over his objection, the case was set for trial on the 10th of the same month.

Defendant filed a motion for a continuance on the ground of the absence of material witnesses in his behalf, among them the said Stiles, to whom he had written, but had received no answer to his letters; but defendant believed that with further time and opportunity he could locate the said Stiles and have him present at the next term of the court. The motion further set forth that the defendant expected to prove by W. R. Holford that he purchased a red bull from said Stiles in the state of Mississippi in the month of September, 1912, and brought said animal, with 24 other head of cattle, into Concordia parish, and that said bull is not the bull of W. T. Smith. The motion further set forth that said Holford visited in said parish as late as August, 1913, and that the defendant, for lack of time, had not been able to locate the said Holford, but could readily locate him and have him present at the next term of the court. The motion for a continuance was overruled, the trial proceeded, and the defendant was found guilty by the jury by a vote of nine to three.

Defendant then filed a motion for a new trial, to which, among others, was attached the affidavit of W. R. Holford, which reads in part as follows:

"I am well and personally acquainted with V. B. Hawthorn, the defendant in this case. I first met the said Hawthorn the latter part of September, 1912, near Hoxie, Miss. He was riding a horse. On the next day or the day after I again saw the said Hawthorn. He was coming towards Natchez with some ox teams and log wagons. He had a negro with him. I think he had three four-yoke teams. On this day Hawthorn bought a young red bull from a man named T. S. Stiles. This was a young bull about 2½ or 3 years old, and about 400 or 500 pounds in weight. The bull had two short or nub horns. The bull was branded T S on the right hip, and was marked in his ears. The bull was tied with a rope around his neck, and at the request of Hawthorn I took the rope off and put a halter on the bull. I saw Hawthorn pay Stiles some money. They said the price of the bull was $10."

"I went to-day to the farm of a man whose name I was told was Borsey Stewart. I identified the bull in question before any one had pointed him out to me. Mr. Borsey Stewart was present at the time. I am informed that this is the same bull which Hawthorn is accused of stealing from W. T. Smith in Concordia parish in the year 1913. I know it is the same bull which Hawthorn bought from T. S. Stiles in Mississippi in September, 1912."

The affiant further deposed that on the morning of that day he had heard for the first time that the defendant had been looking for him as a witness and wanted him to come over immediately to Vidalia and give his evidence on a motion for a new trial, which he did; that affiant had just got back from Amite county, Miss., where he went about the last of August, 1913; that affiant was not related by blood or marriage to the defendant, and had no interest in the case except to see justice done.

Other affidavits were annexed to the motion, but these were by witnesses whose attendance could have been procured.

[4] It has been held that when the absent witnesses are nonresidents, not within the jurisdiction of the court, and could not be forced to appear by any process of the court, the granting or withholding of a continuance is within the discretion of the trial judge. State v. Nash, 45 La. Ann. 1139, 13 South. 732, 734; State v. Nicholson, 14 La. Ann. 785. The granting vel non of a new trial on the affidavit of a nonresident witness, who may

or may not appear at the next term of the court, seems to fall under the same rule. The judge held that the defendant had not used proper efforts to secure the presence at the trial of the witnesses who resided out of the state.

[3] Another application for a continuance was made on the ground of the absence of defendant's alleged leading counsel, while in attendance on the Constitutional Convention of 1913. It appears that the defendant had employed two able members of the bar to conduct his case, one of whom had acted as counsel from the beginning, and the other had appeared during the trial. The judge ruled that the former was leading counsel. The judge below was in a better position than we are to decide this delicate question of precedence. But we know of no statute that makes attendance on a constitutional convention a ground for continuing a case. Existing statutes apply only to members of the Legislature. Revised Statutes, § 126; Act No. 196 of 1912. An objection to the judge's testifying on the same matter, at the instance of the district attorney, is without merit.

The bill of particulars describes the animal as a "muley." Defendant objected to the prosecuting witness Smith testifying that the bull had a small "nub" on one side of his head, on the ground that the bill of particulars had described the animal as a natural "muley." What is a "muley" was a question of fact for the jury.

It appears from another bill of exception that, after speaking to the district attorney, the judge made the following statement:

"The court called counsel for the prosecution, as the prosecuting witness was leaving the stand, and asked him whether or not he had proved the value, by the witness, of the bull charged to have been stolen. He then informed counsel for defendant, in the presence of the jury and everybody else in the court, what he had whispered to the counsel for the prosecution."

In his per curiam the judge says in explanation that he made the statement because he wanted counsel for defendant to know that he was not trying to speak to or advise the district attorney privately in regard to the matter, and that he had instructed the jury to pay no attention whatever to anything he had said in this connection, but to be governed solely by the evidence.

The value of the animal had nothing to do with the penalty, and was irrelevant to the issue.

In making the statement the judge seems to have been actuated by conscientious motives. The statement, with the explanation, was not in its nature prejudicial to the defendant.

[2] Another bill was taken to the refusal of the judge to grant a request that the jury go across the river into the state of Mississippi to view the bull. The district attorney made and the defendant joined in the request, which was overruled by the judge on the ground that the locus of the animal was out of the jurisdiction of the court. We think that there was no error in the ruling. The jury, as such, could not have exercised its functions in another state, where also it would have been beyond the supervision and control of the court. The bull was beyond the jurisdiction of the court, and, if the animal was not brought to the Louisiana side of the river, it was not the fault of the judge. Another objection was made that the bull was the best evidence on the question whether it was a natural muley, or was a muley by reason of having had its horns broken or cut off.

In the per curiam to this bill, the judge states:

"Mr. Stewart, who had bought the bull from Hawthorn, the defendant, stated that he would bring the bull over if the case was postponed for a sufficient time. The district attorney asked that the case go over for that and all purposes until to-morrow. It was then too late to get the bull over that day, which was Thursday,

the day the trial was completed. The defendant consented that the case go over until tomorrow morning, provided it was limited to the sole purpose of getting the bull, but would not consent for it to go over, if any additional evidence was to be introduced. The counsel for the state and for the defendant being unable to agree, the court told them to go ahead with the case, and it was completed and went to the jury that evening."

We see no error in this ruling. If the bull had been produced, it would have been for the court, and not the defendant, to decide whether additional evidence was admissible.

[1] Another exception was made to the refusal of the court after conviction to grant defendant a week's delay for the purpose of filing motions and pleas. The motion for delay was made on the last day of the term, and if granted would have necessarily postponed sentence until the next term of the court. The court states that the defendant was convicted on November 13th, and on the next day counsel for defendant was notified that delay for sentence would not be granted beyond the expiration of the term on November 15th; that on said day the defendant's motions in arrest and for a new trial were filed, tried, and overruled, and defendant was sentenced about 9 p. m. Defendant's motion for a new trial covers nine printed pages of the transcript, and seven affidavits are thereto annexed.

As the actions and rulings of the judge below have been assailed as unfair and prejudicial to the accused, we deem it just to place on record the following extracts from his per curiam attached to bill of exception. No. 10:

"The defendant had 18 witnesses summoned, 12 of whom resided in the state, and the other 6 resided in the state of Mississippi. All of the witnesses residing in the state were present at the trial."
"The continuance was asked on the ground of the absence of four witnesses, to wit, T. S. Stiles, H. R. Holford, and Henry Turner, a negro, and Will D. Thomas, a white man."

The judge then proceeds to state that Thomas was a brother of one of the members of the firm, for which defendant worked; that Thomas evaded and eluded service of process to such an extent as to convince the court that it was being trifled with; and "that the defendant was having his own witness get out of the way so that he could have ground for a continuance."

"The court does not believe that the alleged witness, T. S. Stiles, ever existed." "According to the sheriff's returns made from statements to him by the defendant himself, Holford had worked for the defendant, but left the state last August for the Natchez Hospital, and had not been heard of since, though defendant had made every effort to locate the witness, and had even advertised for him."
"Notwithstanding the above showing, while he was trying to get a continuance, he shows in his motion for a new trial on November 15th that the defendant had sent Mr. P. C. Magoun for said witness, on said day, and that said Magoun went to Meadville, Miss., and got the witness and brought him back in one day. * * * His conduct does not show diligence in trying to get this witness."
"The testimony of Holford in the nature of things could not be new evidence, as defendant shows that he was aware of what Holford knew before his trial; that Holford was present when he bought the bull from Stiles, etc."
"The defendant was indicted on the 5th of November, the case fixed for trial on the 10th, and actually tried on the 12th and 13th, and, while seven days elapsed from the setting of the case for trial to the trial, he does not inform the court that he even sent out there during such time to get Holford, or that he went himself, although he was out on bond."
"The witness is a nonresident of the state of Louisana, and a resident of the state of Mississippi, and there is no assurance he could be had at a future time."

As to the other witnesses, whose affidavits were annexed to the motion for a new trial, the judge states that two of them were summoned, and that one appeared during the trial, and that the defendant did not ask for an attachment for the other; that he knew where both of the witnesses lived, but he did not try to get them.

The judge states that no bill of exception was reserved to the alleged manner in which he read the requested instructions, or to his remarks thereon.

Motions for continuance, delay, and for a new trial are addressed to the sound discre-

tion of the trial judge, who is presumed to be acquainted with all the facts and circumstances of the case. The exercise of such discretion will not be interfered with by the appellate court except in clear cases of abuse.

On the record before us, we are not prepared to 'hold that the judge erred in refusing a continuance, or a week's delay, or a new trial, and are of opinion that the defendant has had a fair trial.

Judgment affirmed.

MONROE, J., dissents.

·See concurring opinion of BREAUX, C. J., 64 South. 877.