MONROE, C. J.
Defendants Jack Jordan and Bob Jordan prosecute this appeal from a conviction of murder and sentence to death.
The transcript discloses a bill of exception to the overruling of a motion to quash the indictment and a challenge of the array and a bill to the overruling of a motion for new trial.
[1, 2] 1. The matters set out in the motion, made part of the first bill, are, in substance, as follows:
That the grand and petit jurors who acted in the case were drawn, on August 26, 1914, by a commission, appointed by Judge Palmer, the late judge (who resigned), and were illegally drawn, for the reason that the present judge, Boone (who was elected to succeed Judge Palmer), had, prior to the date of said drawing, appointed a new commission, differently composed.
That the procés verbal of the proceedings of the “so-called” commission does not comply with Act 182 of 1914, requiring the drawing of an additional 100 jurors.
That, by reason of the matters complained of, the grand and petit juries by which defendants were indicted and tried were without legal authority in the premises, and defendants have thereby suffered, and will suffer, irreparable injury.
The reasons assigned by the trial judge for overruling the motion are (stating their substance): That the grand and petit juries by which defendants were indicted and tried were drawn by Judge Palmer, before he (Judge Boone) appointed any commission, and were legally drawn; that it is true that he (Boone) issued an order appointing a new commission, upon the day of the drawing; but that it was issued at Many, in the parish of Sabine, while the juries were drawn at Mansfield, in the parish of De Soto; and that, before the clerk of the court had, or could have, received his order, the drawing by the incumbent commission had taken place; and that he withdrew the order, before it had been filed or entered upon the minutes of the court; and, further (quoting) :
“Then the only jury commissioners in and for the parish of De Soto were those appointed by my predecessor. They acted and drew the grand and petit juries for said term of court. But, had I allowed the order appointing’ said new jury commissioners to stand, the situation would have been the same, for the grand and petit juries for the said court were drawn and selected by the legally constituted jury commissioners, at the time they acted. They acted and selected and drew the said juries before the new order appointing new jury commissioners reached the clerk of court. They being the jury commissioners for the parish, at the time they acted, the juries were certainly legally drawn and selected.”
[3] The statement of the trial judge, which is sustained by the evidence taken upon the trial of the motion, is conclusive of the question at issue. In State v. Bradley, 120 La. 257, 45 South. 120, it was held that jury commissioners continue in office so long as the judge by whom they were appointed, or some succeeding judge, does not, by affirmative action, remove them. From the evidence to which we have referred, it appears quite likely that the incumbent commissioners had completed their work before Judge Boone’s order appointing others had been even mailed to the clerk, and, perhaps, before he had written it. It would *479 therefore be immaterial whether he after-wards withdrew the order, or not. But we find nothing in the law or in the reason of the law (Act No. 136 of 1898, § 3) to prevent his withdrawing it, or which would give to either the appointment or the withdrawal of it the effect of vitiating the action, taken prior to the appointment, by the commissioners legally in office.
In the cases of State v. Taylor, 44 La. Ann. 783, 11 South. 132, and State v. Murray, 47 La. Ann. 912, 17 South. 424 (to which counsel for defendants refer), this court had occasion to construe so much of section 3 of Acts 44 of 1877 and 89 of 1894, as provides that “the evidence of such selection and appointment (by the judge, or jury commissioners) shall be entered upon the minutes,” etc., and held, in the one case, that the requirement was directory, and that the failure of the clerk to make the entry did not nullify the appointments; and, in the other case, that the clerk had made the entry, though not during the session of the court, because the appointments were made during vacation. In both cases, the judge had unburdened his own mind of the appointments, and the commissioners had qualified and acted. In the instant case, if, before the commissioners, then in office, had taken the action here complained of, the judge had made up his mind whom he intended to appoint in their places or had written an order making the appointments, no one knew it but himself, and no order can be given effect so long as all knowledge of it is confined to the person who has the right to give it; for, surely, the prospective appointees are entitled to be heard.
The other points suggested in the motion have been abandoned.
2. The motion for new trial and the bill to the overruling of the same appear to have been predicated on the supposed error in the overruling of the motion which we have thus considered.
Judgment affirmed.