GUILLERMO FLORES, Plaintiff and Appellant, *v.* JUAN S. BRAVO, ETC., Defendant and Appellee.

No. 10964. Argued February 1, 1954.—Decided June 28, 1956.

*Ernesto R. Rodríguez Aponte* for appellant.  *José Trías Monge,* Attorney General, and *Rafael L. Ydrach Yordán,* Assistant Fiscal of the Supreme Court, for The People.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant was charged in the San Juan Part of the District Court with disturbance of the peace and with two violations of the Automobile Law—driving in a state of intoxication and disobedience of stop signal given by a police officer.  The charges were tried jointly and he was found guilty and sentenced in all of them.  Thereafter he filed a petition for habeas corpus in the San Juan Part of the Superior Court, challenging the sentences and alleging that his incarceration was illegal.  The writ was issued, the defendant answered, the petition was heard and denied by an order from which this appeal is taken.

In his brief he assigns two errors as grounds for reversal of the order.  He alleges that the trial court erred "in weighing the evidence and in holding that, according to the circumstances of this case, the defendant was duly assisted by counsel," and in deciding that a defendant who wishes to invoke the right granted by § 11, Art. II of the Constitution

of the Commonwealth of Puerto Rico, must do so by requesting a copy of the information.[1]

■■ Notice was given to appellant of the date for the trial of the three complaints in the San Juan District Court. He appointed an attorney to represent him. The latter did not appear in court on the date of the trial. According to the statements of the magistrate who presided at the trial, when the case was called the appellant announced that he was not going "to appear at any trial," because his attorney had filed a motion for continuance "and that the case will be continued." He was told that the trial would not be postponed and that he could employ another attorney to represent him. He refused to do so and insisted on being represented by the attorney designated by him. The trial opened with the charge of disturbance of the peace. While a peace officer was testifying on the state of intoxication in which he found appellant, the court learned that there were in the record two complaints for violation of the Automobile Law and appointed an attorney to defend him. The court handed the record to the latter, and the attorney, after conferring with the defendant for about five or six minutes during a recess of the court, pleaded not guilty. The hearing of the three charges was resumed with the intervention of the attorney, who proceeded to cross-examine the witness at length.

We have stated on different occasions that there is no rule "which can be applied automatically and inflexibly" in all such cases where the question involved is whether or not the right to the assistance of counsel has been violated,

---

[1] Section 11 of Art. II of the Constitution of the Commonwealth reads in part as follows:

"In all criminal prosecutions, the accused shall enjoy the right to have a speedy and public trial, to be informed of the nature and cause of the accusation and to have a copy thereof, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, to have assistance of counsel, and to be presumed innocent."

and that "each case depends on its peculiar facts and circumstances." *People* v. *Pedrosa*, 63 P.R.R. 218. In the case at bar, we are convinced that appellant's appeal should not prosper. The holding in *People* v. *González*, 50 P.R.R. 187, is strictly in point. There the defendant, upon arraignment, alleged that he had an attorney and moved for continuance of the trial until his attorney should appear. The court denied the motion for continuance and proceeded to hear the evidence, and rendered judgment of conviction, which thereafter was challenged on appeal on several grounds, among others, that he had been deprived "of his right to be represented by counsel." We decided the question adversely and stated as follows: ". . . It is undeniable that every person accused has a right to be represented by counsel at the trial and that the courts should not deprive any defendant of that right. The record does not show that there was any such deprivation in this case. The defendant was notified in time of the day and hour when he should appear before the Court, and it was incumbent upon him to appear with his attorney and witnesses. The courts are not obliged to alter their calendars or the order of their affairs to suit the convenience or the whims of the parties. It is the parties who, when properly notified, must appear before the court on the day and hour set and wait for their turn to be heard. To hold the contrary would be to introduce chaos and anarchy in the courts and to make the ordered administration of justice impossible. If the defendant in the instant case had to go to trial without the assistance of his counsel the fault was his and not the court's. The latter committed no error in holding the trial without awaiting the arrival of the attorney."

Appellant did not show at the hearing of the petition for habeas corpus that the San Juan Part of the District Court abused its discretion in not postponing the trial. If the attorney designated by him moved for continuance, the reasons adduced by him are not known to us since the motion

does not appear in the record. The record reveals that the attorney did not appear at the trial; that appellant appeared personally to announce, which in fact he did to the presiding judge—relying upon the absence of his attorney—that he was not appearing in court for the trial but for the purpose of its continuance, because his attorney had moved for postponement.

Under the attendant circumstances, we are not justified in holding that the trial court erred in depriving appellant of the right to be represented by counsel, *People* v. *González, supra; People* v. *Montaner*, 61 P.R.R. 116, a right with which he was familiar and which he seasonably asserted, and which in nowise implies that the dominion and control of the judicial calendars are transferred and granted to the defendant, letting him decide whether the trial is to be continued, or, in other words, when the case is going to be tried.

The fact that after commencement of the trial the court chose to appoint an attorney to represent him does not place appellant in a better position to invoke the lack of protection of his right to be assisted by counsel than that in which he would have been before the designation, after appearing for trial without the counsel of his choice, without accounting to the satisfaction of the trial court for his counsel's failure to appear. Moreover, it is not amiss to point out that the charges were not complicated, either by their nature or by any other circumstances. The complaints were jointly tried and only one witness for the prosecution testified, who was cross-examined at length by the attorney designated by the court. The attorney also interrogated appellant upon the latter's taking the stand in his own defense.

■■ Let us turn to consider appellant's contention that the petition should have prospered on the ground that he was not furnished with copies of the complaints. This question as a general rule is not reviewable by habeas corpus but by appeal, provided the defendant has waived the right

to be furnished with a copy of the complaint. Without deciding that this remedy cannot be had in any case in which such right is violated, it is obvious that it does not lie in the case at bar since it can be waived by the defendant, whether granted by constitutional or statutory provision, and it was in effect waived by appellant by his failure to assert it seasonably, 1 Bishop's *Criminal Procedure*, 2d ed., § 126.1, p. 95; *Aldridge* v. *United States*, 47 F. 2d 407; *State* v. *West*, 134 So. 243 (La.), despite the fact he had an opportunity to do so, since he was served with notice of the date set for the trial of the complaints filed against him. At no time did he request copies thereof, and he raised the question for the first time in the petition for habeas corpus.

The order appealed from will be affirmed.