(82 N. W. Rep. 749.)

---

## State of North Dakota *vs.* Joseph King.

Opinion filed April 19, 1900.

**Sodomy—Punishment.**

> The measure of punishment which may be legally imposed upon one convicted of attempting to commit the crime of sodomy is provided by subdivision 1 of section 7694, Rev. Codes. The above subdivision fixes the punishment of attempts to commit crimes which are punishable by four or more years' imprisonment in the penitentiary, or by imprisonment in the county jail, at not to exceed one-half of the longest term prescribed for the completed offense. *Held,* that

the petitioner, who was convicted of an attempt to commit the crime of sodomy, and sentenced to five years in the penitentiary, was legally sentenced; the crime of sodomy being punishable to the extent of ten years in the penitentiary.

Application of Joseph King for writ of habeas corpus. Denied.

*Cole & Johnson,* for petitioner.

*John F. Cowan,* Attorney General, (*Edward Engerud,* of counsel), for the State.

Young, J. This is an application for a writ of habeas corpus. The petitioner was convicted in the District Court of Cass county at the February, 1899, term of an attempt to committ the crime of sodomy, and was sentenced to the state penitentiary for a period of five years. He urges, as ground for release from his confinement, an entire lack of legal authority, under the statute, to impose a penitentiary sentence for the crime of which he was convicted, or in fact to inflict any other than a jail sentence as a punishment therefor. This contention rests entirely upon the construction to be given to section 7694, Rev. Codes, relating to punishments for attempts, under which the petitioner was sentenced. The portions of this section which are important read as follows: "Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, when no provision is made by law for the punishment of such attempt, as follows: (1) If the offense so attempted is punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. (2) If the offense so attempted is punishable by imprisonment in the penitentiary for any time less than four years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year." The punishment prescribed for the crime of sodomy is found in section 7186, Id., which provides that it "is punishable by imprisonment in the penitentiary not less than one and not exceeding ten years or in the county jail not more than one year." The measure of punishment for an attempt to commit this crime, it is agreed, is given by one of the two subdivisions of section 7694, supra. The petitioner was sentenced under the first subdivision, whereas he contends that the penalty for the attempt of which he was convicted is governed by the second subdivision, and is, therefore, limited to a jail sentence. This contention is based upon the assertion that sodomy is not punishable "for four years or more," which plainly is a prerequisite to punishment under the first subdivision, but that it is punishable "for any time less than four years," which, it is claimed, brings it under

the second subdivision, and limits his punishment to confinement in the county jail. The construction contended for by the peititoner, in our judgment, is not tenable, and does not conform to the intention of the legislature, and is not supported by the language of the sections relied upon. Obviously, it was intended to classify punishments for attempts with reference to the seriousness of the crime attempted. Accordingly, we find that, where the crimes attempted are punishable by confinement in the penitentiary for four years or more, or by confinement in the county jail, by a uniform provision, attempts to commit such crimes are punishable by imprisonment not to exceed one-half of the completed crime. On the other hand, attempts to commit crimes which are punishable by less than four years in the penitentiary were viewed with more lenity, and are not to be followed by confinement in the penitentiary at all, but are to be punished by jail sentences only. It is true, a discretion as to the extent of punishment to be imposed is lodged in the District Court. It may sentence one convicted of sodomy to confinement in the county jail, or impose a penitentiary sentence which may be less than four years, but these are discretionary matters, and do not alter the fact that as a crime it is by statute punishable—*i. e.* may be punished—by imprisonment in the penitentiary for a period not exceeding 10 years. The inquiry as to how a crime is punishable relates to the period or extent of punishment which can legally be imposed, and not, as we view it, to any lesser or discretionary period, which may be determined by the court in imposing sentence. The crime of sodomy is punishable —that is, it may be punished—by imprisonment in the penitentiary for not less than one nor more than ten years. It is, then, clearly, in this view, punishable by imprisonment for four years or more, even up to ten years, and is not a crime punishable by less than four years. The attempt, therefore, of which the petitioner was convicted was punishable under the first subdivision of section 7694, supra. It follows, then, that the petitioner was legally sentenced. Our construction is in harmony with that given to the California statute, which is almost identical in language with section 7694, supra. See *Ex parte Hope,* 59 Cal. 423.

The petition is denied. All concur.
(82 N. W. Rep. 423.)