### Ex parte CHARLES ISABELL.

No. A-4951.    Opinion Filed Jan. 5, 1924.

(221 Pac. 517.)

(Syllabus.)

**Burglary—Statute Fixing Punishment for Attempt.**  The measure of
punishment which may be legally imposed upon one convicted
of attempting to commit the crime of burglary in the second
degree is provided by subdivision 1 of section 2297, Compiled
Statutes 1921.  For reasons for so holding, see body of opin-
ion.

Doyle, J., dissenting.

Application by Charles Isabell for writ of habeas corpus.
Writ denied.

C. F. Gowdy, for petitioner.

George F. Short, Atty. Gen., and John Barry, Asst. Atty.
Gen., for respondent.

MATSON, P. J.    This is an application for a writ of
habeas corpus for one Charles Isabell, who in his petition
alleges that he is unlawfully deprived of his liberty and con-
fined in the county jail of Nowata county by W. F. Gillespey,
sheriff of said county, and that the illegality of said con-
finement consists in the following:

"That heretofore, on the 21st day of November, 1923,
in the district court of Nowata county, Okla., case No. 991,

State of Oklahoma v. Charles Isabell, was tried and convicted on an information charging him with attempted burglary in the second degree. Certified copy of said information and the verdict of the jury hereto attached, marked Exhibit A and B, and made a part of this petition, and thereafter on the 4th day of December, 1921, judgment was rendered on said verdict, and your petitioner sentenced to serve one year in the penitentiary; copy of said judgment hereto attached, marked Exhibit C and made a part of this petition.

"Your petitioner further states that he is illegally restrained of his liberty, in that the punishment for the crime as having been attempted could be from 2 to 7 years in the penitentiary as provided in section 2064, Compiled Statutes 1921, and the attempt as charged is punishable by imprisonment in the county jail for no more than one year, as provided in second subsection of section 2297, Compiled Statutes 1921.

"Your petitioner further states that he is being held in the county jail at Nowata county, Okla., on said void judgment to be transported to the state penitentiary; that he has no money or property with which to pay the costs of an appeal, and cannot make a bond in any sum.

"Your petitioner further states that he has heretofore, on the 4th day of December, 1923, applied by habeas corpus petition for relief to the district court of Nowata county before the Honorable C. H. Baskin, judge, and his said petition was denied.

"Your petitioner further waives his appearance, and requests this honorable court to consider this application the same as if he was present in person."

Accompanying said petition, as Exhibits A and B and C are certified copies of an information charging the petitioner with the crime of attempted burglary in the second degree, the verdict, and of the judgment rendered on said charge, ordering the petitioner to be confined in the state penitentiary at McAlester for the term of one year.

This application involves a construction of the first two subdivisions of section 2297, Compiled Statutes 1921, which provide punishment for attempted crimes where no provision otherwise is made by law for the punishment of such attempts. Said subdivisions read as follows:

1. "If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted."

2. "If the offense so attempted be punishable by imprisonment in the penitentiary for any time less than four years, the person guilty of such attempt is punishable by imprisonment in a county jail for not more than one year."

The cause has been briefed by both counsel for petitioner and the Attorney General. Counsel for petitioner contends that the district court of Nowata county was without legal authority under the foregoing statute to impose a penitentiary sentence upon a conviction for the crime of attempted burglary in the second degree. In other words, the contention of counsel for petitioner is that, upon a conviction of attempted burglary in the second degree, the punishment to be imposed is that provided by the second subdivision of section 2297, supra.

Burglary in the second degree is punishable by statute at imprisonment in the penitentiary not exceeding 7 years and not less than 2 years. Section 2064, Compiled Statutes 1921.

The punishment provided under the second subdivision of section 2297, supra, is for a misdemeanor of which the county court would have exclusive jurisdiction. Sections

16 and 18, art. 7, Constitution. It follows, therefore, that if the punishment for the offense of attempted burglary in the second degree falls under the second subdivision of section 2297, supra, the district court of Nowata county was without jurisdiction to impose a punishment under the first subdivision, and its imposing imprisonment at one year in the penitentiary against the petitioner is void, and the petitioner entitled to his discharge.

Counsel for petitioner has cited no authority construing any statute of similar import, but relies upon several decisions of this court which announce the settled rule of construction "that statutes prescribing punishment are to be strictly construed in favor of the defendant, and where such statute is capable of two constructions, the construction which operates in favor of the defendant is to be adopted," citing the following cases: Ex parte McClure, 6 Okla. Cr. 244, 118 Pac. 591; State v. Clifford, 3 Okla. Cr. 419, 106 Pac. 557; McCord v. State, 2 Okla. Cr. 216, 101 Pac. 280; City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 Pac. 652.

In support of the contrary view, the Attorney General has cited this court to the cases of State v. King, 9 N. D. 149, 82 N. W. 423, and Ex parte Hope, 59 Cal. 423.

The measure of punishment for an attempt to commit the crime of burglary in the second degree is fixed by one of the two subdivisions of section 2297, supra. The applicant for the writ was sentenced under the first subdivision, but contends that the penalty for the attempt of which he was convicted is controlled by the second subdivision, providing only a jail sentence. He contends that while burglary in the second degree may be punished "for four years or more" in the penitentiary, a prerequisite to punishment under the first subdivision, yet that it is also punishable

"for any time less than four years," which brings the punishment for the attempted offense under the second subdivision, and limits his confinement to imprisonment in the county jail.

The gist of petitioner's contention is that, although the punishment may fall within either of the first two subdivisions, the court should construe the statute most favorably to the defendant, and hold with petitioner's contention that his punishment is limited by the provisions of the second subdivision of section 2297, supra.

If the statute were open to the construction contended for by petitioner, the punishment for the attempted offense of burglary in the second degree would of necessity fall under the second subdivision.

Construing a statute identical with section 2297, supra, the Supreme Court of North Dakota, in State v. King, supra, had the following to say:

"Obviously, it was intended to classify punishments for attempts with reference to the seriousness of the crime attempted. Accordingly, we find that, where the crimes attempted are punishable by confinement in the penitentiary for four years or more, or by confinement in the county jail, by a uniform provision, attempts to commit such crimes are punishable by imprisonment not to exceed one-half of the completed crime. On the other hand, attempts to commit crimes which are punishable by less than four years in the penitentiary were viewed with more lenity, and are not to be followed by confinement in the penitentiary at all, but are to be punished by jail sentences only. It is true, a discretion as to the extent of punishment to be imposed is lodged in the district court. It may sentence one convicted of sodomy to confinement in the county jail, or impose a penitentiary sentence which may be less than four years, but these are discretionary matters, and do not alter the

fact that as a crime it is by statute punishable—i. e. may be punished—by imprisonment in the penitentiary for a period not exceeding ten years. The inquiry as to how a crime is punishable relates to the period or extent of punishment which can legally be imposed, and not, as we view it, to any lesser or discretionary period, which may be determined by the court in imposing sentence. The crime of sodomy is punishable—that is, it may be punished—by imprisonment in the penitentiary for not less than one nor more than ten years. It is, then, clearly, in this view, punishable, by imprisonment for four years or more, even up to ten years, and is not a crime punishable by less than four years. The attempt, therefore, of which the petitioner was convicted was punishable under the first subdivision of section 7694, supra. It follows, then, that the petitioner was legally sentenced.''

Construing a similar statute, the Supreme Court of California, in Ex parte Hope, supra, had the following to say:

''Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted. 2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year.''

''In making this enactment the Legislature was obviously classifying the punishment to be imposed on those convicted of attempts to commit certain crimes. The first class (provided for in subdivision 1) embraces those cases

where the offense attempted is punishable in the state prison for five years, or more, or by imprisonment in a county jail, and the second class (provided for in subdivision 2) embraces those cases where the offense attempted is punishable by imprisonment in the state prison for any term less than five years. In effect, as we construe the statute, the Legislature has said that (in the absence of another express provision) every person who is convicted of an attempt to commit an offense, which offense when completed is punishable by imprisonment in the state prison for a term less than five years, but which cannot exceed or extend to that period, is punishable by imprisonment in the county jail for not more than one year; and that every person who is convicted of an attempt to commit an offense, which offense when completed is punishable by imprisonment in the state prison for five years, or more, is punishable by imprisonment in the state prison for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted.''

Our statute was taken from Dakota, and while the decision in State v. King, supra, is not necessarily binding on this court, it is in the absence of any contrary opinion strongly persuasive, fortified as it is by the decision of the Supreme Court of California in Ex parte Hope.

We do not concur in the view expressed by counsel for petitioner that the crime of attempted burglary in the second degree is punishable under either the first or second subdivisions of section 2297, supra. In our opinion such attempted offense is punishable only under the provisions of the first subdivision of that section. When the two subdivisions are construed together, as they must be, we think it clear that the Legislature was classifying the punishment to be imposed on those convicted of attempts to commit certain crimes not otherwise punishable by statute. The first class includes the felonies which are and may be punished

by imprisonment in the penitentiary "for four years or more," irrespective of whether such crimes may be punished by a less imprisonment in the penitentiary. The second class includes only those attempts where the punishment for the completed crime is for "any term less than four years"; "less than four year" plainly meaning punishment for any term that may not in the maximum extend to that period.

For reasons stated, the writ is denied.

BESSEY, J., concurs.

DOYLE, J., dissents.