## MONROE SMITH v. STATE.

No. A-4852. Opinion Filed Feb. 14, 1925.
(233 Pac. 246.)

(Syllabus.)

Criminal Law—Punishment—Attempt to Commit Burglary in Second Degree as Felony—Punishment for Attempt. An attempt to commit burglary in the second degree is a felony, and the punishment therefor is fixed by the first subdivision of section 2297, Compiled Statutes 1921, and shall, in no case, exceed one-half of the longest term of imprisonment prescribed upon a conviction for the offense so attempted.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Monroe Smith was convicted of an attempt to commit burglary in the second degree, and he appeals. Reversed and remanded with instructions.

T. H. Davidson, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. Several assignments of error are presented; among them, that the county court was without jurisdiction for the reason that the offense charged is a felony, and, as we view this contention, it will dispose of the case. The other assignments will not be noticed. Under the provisions of section 2064, Comp. Statutes 1921, second subdivision, it is provided that burglary in the second degree is punishable by imprisonment in the penitentiary, not exceeding seven years, and not less than two years. The statute providing punishment for attempts to commit crimes, section 2297, Compiled Statutes 1921, is as follows:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"First. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted.

"Second. If the offense so attempted be punishable by imprisonment in the penitentiary for any time less than four years, the person guilty of such attempt is punishable by imprisonment in a county jail for not more than one year.

"Third. If the offense so attempted be punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half the largest fine which may be imposed upon a conviction of the offense so attempted.

"Fourth. If the offense so attempted be punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by both imprisonment and fine, not exceeding one-half the longest term of imprisonment, and one-half the largest fine which may be imposed upon a conviction for the offense so attempted."

This question was before this court in the case of Ex parte Isabell, 26 Okla. Cr. 1, 221 P. 517, in which the court held:

"The measure of punishment which may be legally imposed upon one convicted of attempting to commit the crime of burglary in the second degree is provided by subdivision 1 of section 2297, Compiled Statutes 1921."

The conclusion in that case was based on the decision

of the Supreme Court of North Dakota in Re King, 9 N. D. 149, 82 N. W. 423, and Ex parte Hope, 59 Cal. 423.

In view of the prior holding of this court that the punishment for an attempt to commit burglary in the second degree is fixed by the first subdivision of section 2297, Compiled Statutes 1921, such offense was a felony, and the county court was without jurisdiction.

The case is reversed and remanded, with instructions to the lower court to dismiss for want of jurisdiction. BESSEY, P. J., and DOYLE, J., concur.