[ No. 5477.]

# In the Matter of the BOSTON MINING and MILLING COMPANY.

TITLE TO AN ACT.—When the language of an Act is plain, the title cannot be resorted to for the purpose of restraining that language.

REMOVING OFFICERS OF A CORPORATION.—The Act approved March 21, 1872, which provides for the removal of the Board of Directors of a Corporation, applies to Mining Corporations.

The Boston Mining and Milling Company was a corporation organized in 1876 for mining purposes. A majority of the shareholders of the corporation, and those holding a majority of the shares, petitioned the county judge of the city and county of San Francisco, according to the provisions of the act entitled " An act supplemental to an Act entitled an Act concerning corporations, passed April 22, 1850," approved March 21, 1872, to issue a notice to the shareholders for a meeting to take into consideration the removal of the officers of said corporation. The notice was given, the meeting held, and the old directors removed, and a new board elected. The county judge was about to issue certificates of election to the newly elected officers when a petition was filed in the Supreme Court for a writ of prohibition to prevent the certificate from being given. The said act of

187 ; provides that, on petition of the majority of the share-holders of any corporation formed for the purpose of mining, the county judge shall issue the notice above mentioned, etc. Thus it will be seen that the body of the Act plainly referred to mining corporations.

The question raised was whether the title of the Act could be referred to for the purpose of restraining its language so as to take mining corporations out of it.

*Delos Lake*, for the writ, argued that as the Act of 1850, to which the Act of 1872 was supplemental, did not apply to mining corporations after the passage of the Act of April 14, 1853, for the formation of corporations for mining purposes; that, therefore, the provisions of the Act of 1872 must be confined to the corporations to which the Act of 1850, to which it was supplemental, applied, and that as the title alone showed that it was a supplemental act, it could be referred to for the purpose of restraining the effect of the act and showing the intention of the legislature.

*Garber & Thornton*, against the writ, argued that, as the language of the act was clear, that the title could not be referred to to control its meaning.

By the COURT:

In the matter of the Boston Mining and Milling Company.

In the early English cases the courts held the title to be no part of the statute, and it was said that the title could never be referred to as affording any clue to the legislative intent. (Dwarris, 500, 1.) The rule has been somewhat modified, and now, when the meaning of the body of an act is doubtful, the title may be relied on as an assistance in arriving at a conclusion. Where the meaning of the language employed in the body of the act is doubtful, the title, taken in connection with other parts of the statute, may be resorted to for the purpose of removing ambiguity. (Sedgwick, 50, 51, and cases there cited.) But the title can never control the plain intent, as the same is expressed in the act itself:

In some of the States of the Union, where the constitution

contains a provision in effect like our own—that every statute, or every statute of a certain class, shall embrace a single subject, which shall be expressed in its title—the courts have held that such provision was mandatory, and that the statute was void where the title did not comply with the constitutional command. In those states it necessarily followed that a greater consequence should be accorded to the title of a legislative act than was given to it by the common law. But everywhere else in the United States the rule has never been disturbed, that where the meaning of the body of an act is plain, the title cannot be resorted to for any purpose. Ever since the case of *Washington* v. *Page*, (4 Cal. 388,) it has been held by this court that the provision in the constitution of California was simply directory. Except in so far as the provision may influence the official action of individual members of the legislature, the constitution shall be read as if the provision referred to had never been written in it. It follows that the common law rule must control us in the construction of statutes; and as the language of the act we are called to consider is plain and unmistakable, the title cannot be resorted to for the purpose of restraining that language.

In the *United States* v. *Palmer*, (3 Wheaton, 610,) the doubt which authorized a reference to the title was suggested by portions of the body of the act.

Writ denied.