[No. 10,707.—In Bank.]

### Ex parte JAMES HOPE.

ATTEMPT TO COMMIT CRIME—PUNISHMENT—BURGLARY.—The prisoner was convicted of attempting to commit burglary in the first degree, and was sentenced to imprisonment in the State Prison for the term of seven and a half years, being one half of the longest term of imprisonment prescribed for the offense attempted.

*Held:* The case of the prisoner comes within the provisions of Subdivision 1, Section 664, Penal Code, and he was properly sentenced.

APPLICATION for discharge upon writ of *habeas corpus.*

*W. W. Foote* and *T. C. Coogan,* for Petitioner.

*D. L. Smoot* and *B. Darwin, contra.*

Ross, J.:

The petitioner was convicted of the crime of attempting to commit burglary in the first degree, and was subsequently sentenced to imprisonment in the State Prison for the term of seven and a half years—being one half of the longest term of imprisonment prescribed for a conviction of the offense so attempted. He seeks to be discharged from imprisonment on *habeas corpus,* upon the ground that the offense of which he was convicted is punishable under Subdivision 2 instead of Subdivision 1 of Section 664 of the Penal Code. That section, so far as necessary to be considered, is as follows:

"Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the State

Prison for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the State Prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction of the offense so attempted. 2. If the offense so attempted is punishable by imprisonment in the State Prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year."

In making this enactment the Legislature was obviously classifying the punishment to be imposed on those convicted of attempts to commit certain crimes. The first class (provided for in Subdivision 1) embraces those cases where the offense attempted is punishable in the State Prison for five years, or more, or by imprisonment in a county jail, and the second class (provided for in Subdivision 2) embraces those cases where the offense attempted is punishable by imprisonment in the State Prison for any term less than five years. In effect, as we construe the statute, the Legislature has said that (in the absence of another express provision) every person who is convicted of an attempt to commit an offense, which offense when completed is punishable by imprisonment in the State Prison for a term less than five years, but which can not exceed or extend to that period, is punishable by imprisonment in the county jail for not more than one year; and that every person who is convicted of an attempt to commit an offense, which offense when completed is punishable by imprisonment in the State Prison for five years, or more, is punishable by imprisonment in the State Prison for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction of the offense so attempted.

It results that the case of petitioner comes within the provisions of Subdivision 1 of Section 664; for he was convicted of an attempt to commit burglary of the first degree, and burglary of the first degree is punishable by imprisonment in the State Prison for a term which may extend to fifteen years. Burglary of the second degree is punishable by imprisonment in the State Prison for not more than five years. The Legislature evidently deemed the one a more heinous

crime than the other, for the reason, doubtless, that one is committed in the night-time and the other in the daytime. And since, in fixing the maximum punishment of the completed offense, the Legislature has prescribed three times as much in the one case as in the other, it is unreasonable to suppose that it intended to prescribe the same punishment for an attempt to commit the one as for an attempt to commit the other, which would be the result of the construction contended for by the petitioner. At all events, the language employed does not, in our opinion, admit of that construction.

Writ dismissed and prisoner remanded.

MORRISON, C. J., MYRICK, MCKINSTRY, SHARPSTEIN, and THORNTON, JJ., concurred.