(78 South. 941)

No. 23077.

STATE v. CULBERSON.

(May 27, 1918.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⟨⟩627(2), 631(2)—SENTENCE — CONSTRUCTION OF STATUTE — "PUNISHABLE"—"ANY CRIME PUNISHABLE WITH IMPRISONMENT AT HARD LABOR FOR SEVEN YEARS OR UPWARDS."

The word "punishable," said of offenders or offenses, means liable to punishment. Hence the expression in Rev. St. § 992, "any crime

[1] 136 La. viii.

punishable with imprisonment at hard labor for seven years or upwards" means any crime or offense for which the offender is liable to punishment with imprisonment at hard labor for seven years or more, even though, in the discretion of the court, the term of imprisonment might be less than seven years.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Punishable.]

Monroe, C. J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Ernest Culberson was convicted of the crime of burglary and larceny, and he appeals. Verdict and sentence annulled, and case remanded to district court.

J. W. Parsons, of Mansfield, for appellant. A. V. Coco, Atty. Gen., and W. M. Lyles, Dist. Atty., of Leesville (Vernon A. Coco, of New Orleans, of counsel), for the State.

O'NIELL, J. The only matter to be determined in this case is the meaning of the expression, in section 992 of the Revised Statutes, "punishable with imprisonment at hard labor for seven years or upwards." The law requires that a person indicted for a capital crime, or for a crime that is punishable with imprisonment at hard labor for seven years or upwards, shall have a copy of the indictment and a list of jurors delivered to him at least two days before the trial.

The defendant was prosecuted on a bill of information for burglary of a barn and for larceny; the penalty for the crime of burglary under section 852 of the revised statutes being imprisonment at hard labor for a term not exceeding ten years.

When the case was called for trial, the defendant objected to going to trial because he had not been served with a copy of the bill of information nor a list of jurors. The objection being overruled, and a bill of ex-

ceptions being reserved to the ruling, the defendant was tried and found guilty as charged.

[1] He was sentenced to imprisonment at hard labor for a term "not less than one year" for the crime of larceny, and for a term "not less than two years" for the crime of burglary, the latter sentence to commence at the expiration of the former.

The reason given, in the statement per curiam, for denying the defendant the right to have a copy of the bill of information and list of jurors delivered to him two or more days before the trial is that the judge construed the expression "any crime punishable with imprisonment at hard labor for seven years or upwards", to mean any crime for which the minimum punishment is not less than seven years of imprisonment at hard labor. Our opinion, on the contrary, is that the expression means any crime for which an offender might be condemned to suffer imprisonment at hard labor for seven years or more. The word "punishable," said of offenses or offenders, means liable to punishment. A crime for which an offender is, on conviction, liable to suffer imprisonment at hard labor for a term that may be more or less than seven years is "punishable with imprisonment at hard labor for seven years or upwards," notwithstanding the term of imprisonment might, at the discretion of the court, be less than seven years.

[2, 3] Our conclusion is that the defendant in this case was entitled to have a copy of the bill of information and list of jurors delivered to him at least two days before the trial.

The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court to be proceeded with according to law and to the views expressed herein.

MONROE, C. J., dissents.