[Crim. No. 1301.   First Appellate District, Division One.—November 7, 1925.]

In the Matter of the Application of HAROLD BELLIS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — ATTEMPT TO COMMIT BURGLARY — MAXIMUM TERM—PLACE OF CONFINEMENT.—An indeterminate sentence is in legal effect a sentence for the maximum period; and therefore, under section 664 of the Penal Code, where a defendant pleads guilty of the crime of an attempt to commit burglary, which the court finds to be burglary in the second degree, he is punishable by imprisonment in the state prison for a term not exceeding one-half of fifteen years.

(1) 16 C. J., p. 1369, n. 24, p. 1376, n. 15.

PROCEEDING on Habeas Corpus to secure the release of petitioner from the state prison.   Writ denied.

The facts are stated in the opinion of the court.

Harry S. Harper for Petitioner.

Thomas Ramage for Respondent.

TYLER, P. J.—The judgment shows that petitioner pleaded guilty of the crime of an attempt to commit burglary, a felony, which the court found to be burglary in the second degree as charged in count one of the indictment, and that he was punished by imprisonment in the state prison at San Quentin for the term prescribed by law.

---

1.   See 8 Cal. Jur. 470.

[1] It is claimed that under subdivision 2 of section 664 of the Penal Code petitioner could only be imprisoned in the county jail for the offense to which he pleaded guilty.

The code prescribes punishment for burglary as follows: 1. Burglary in the first degree for not less than five years; 2. Burglary in the second degree for not less than one or more than fifteen years (Pen. Code, sec. 461).

Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof is punishable, where no provision is made by law for the punishment of such attempts, as follows:

1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon the conviction of the offense so attempted.

2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year. . (Pen. Code, sec. 664.)

An indeterminate sentence is in legal effect a sentence for the maximum term. (*In re Lee*, 177 Cal. 690 [171 Pac. 958].) The crime of which petitioner pleaded guilty being punishable for not less than one nor more than fifteen years, one-half of the longest term is greater than five years and the crime is, therefore, punishable by imprisonment in the state prison.

It follows that the claim here made is without merit.
Writ denied.

Cashin, J., and Knight, J., concurred.