[Civ. No. 7954. First Appellate District, Division One.—August 31, 1931.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Petitioner.

Frank J. Egan, Public Defender, and James A. Toner and George T. Kerr, Assistant Public Defenders, for Respondents.

THE COURT.—An information was filed in the Superior Court of the City and County of San Francisco which charged one Leo Buckbee with the commission of a felony, to wit, burglary, and with a prior conviction of a felony in the state of Utah. Upon his arraignment in such cause Buckbee entered a plea of not guilty and denied having suffered a prior conviction. Subsequently on the day set for the trial, with the permission of the court, he withdrew the plea of not guilty and thereupon entered a plea of guilty of attempting to commit burglary, a felony. Thereafter, by stipulation by the district attorney, the court found the degree of burglary to be the second, and upon motion by the district attorney ordered the prior conviction to be dismissed. The court then pronounced judgment, sentencing

the defendant to imprisonment in the county jail of the city and county of San Francisco for a term of one year.

It is claimed by the People, represented by the attorney-general, that the court was without authority to sentence a defendant convicted of an attempt to commit burglary of the second degree other than to imprisonment in the state prison, and that its judgment is therefore void.

The present proceeding, in which the People are the petitioners, is for a writ of mandate, directing the court to arraign the defendant for judgment and pronounce sentence according to law.

Section 461 of the Penal Code reads as follows: "Burglary is punishable by imprisonment in the state prison as follows: 1. Burglary in the first degree for not less than five years. 2. Burglary in the second degree for not less than one nor more than fifteen years." And section 664 of the same code provides: "Every person who attempts to commit any crime but fails or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half of the longest term of imprisonment prescribed upon a conviction of the offense so attempted. . . . 2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year."

Respondent claims that the word punishable as used in section 664 of the Penal Code means "may be punished"; and since burglary of the second degree is punishable by imprisonment in the state prison from one to fifteen years (Pen. Code, sec. 461), a defendant convicted of an attempt to commit the crime may be punished by a term of imprisonment less than five years, and therefore the provisions of subdivision 2 of section 664 are applicable.

Under section 461 of the Penal Code burglary of the second degree is punishable by imprisonment in the state prison and not elsewhere; and the People contend that section

664 merely fixes the maximum punishment for attempts to commit crime at one-half the maximum penalty that may be inflicted for the completed offense; and that punishment for burglary of the second degree being imprisonment in the state prison for a maximum term exceeding five years, the provisions of subdivision 1 of section 664 of the Penal Code apply, and defendant was punishable by imprisonment in the state prison, and not elsewhere, for a maximum term of seven and one-half years.

Webster's International Dictionary defines punishable as "deserving of or capable or liable to punishment . . . capable of being punished by law or right . . . said of persons or offenses". The word, as used in similar statutes where the same refer to the offender, has been held to mean liable to punishment or liable to be punished. (*The Trasher*, 173 Fed. 258; *State* v. *Paisley*, 36 Mont. 237 [92 Pac. 566]; or, where the reference is to the offense, the same word has been held to mean "may be punished" (*Benton* v. *Commonwealth*, 89 Va. 570 [16 S. E. 725]; *People* v. *Hughes*, 137 N. Y. 34 [32 N. E. 1105]; *People* v. *Godding*, 55 Colo. 579 [136 Pac. 1011].) And in *State* v. *Culberson*, 143 La. 565 [78 South. 941], the court said: "The word punishable, said of offenses or offenders, means liable to be punished."

In *State* v. *Paisley*, *supra*, the court was considering the effect of a statute fixing the punishment in cases where the defendant had suffered a prior conviction. The statute read as follows: "Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows: 1. If the offense of which such person is subsequently convicted is such that upon a first conviction the offender would be punishable by imprisonment in the state prison for any term exceeding five years, such person is punishable by imprisonment in the state prison not less than ten years. 2. If the subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the state prison for five years or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years." Defendant Paisley was convicted of the crime of robbery, the verdict also finding that the charge of a prior conviction of a felony was true, and he was

sentenced to imprisonment in the state prison for five years. The Montana statute provided that robbery should be punishable upon a first conviction by imprisonment in the state prison for a term not less than one year or more than twenty years. It was claimed that subdivision 1 of the statute, which we have quoted above, was only applicable to crimes the minimum punishment for which exceeded five years' imprisonment; and that since robbery might be punished by imprisonment for a term of one year the defendant could only be punished under the second subdivision of the act, which provided a maximum of ten years' imprisonment. The court in affirming the judgment, said: "As used in this section (subd. 1 of the act) we think it ('punishable') means liable to punishment. . . . In other words, we think this subdivision means that if the maximun punishment is more but not less than five years' imprisonment, then the punishment for the offense for which appellant was being tried . . . could not be less than ten years, and might be extended to life imprisonment."

The same construction was given subdivision 1 of section 664 of the California Penal Code in the case of *Ex parte Hope*, 59 Cal. 423, where the defendant was convicted of an attempt to commit burglary of the first degree, and sentenced to imprisonment in the state prison for the term of seven and one-half years, this being one-half of the longest term of imprisonment prescribed for a conviction of the offense so attempted. Defendant applied for a writ of *habeas corpus* on the ground that burglary of the first degree, being then punishable by imprisonment in the state prison from one to fifteen years, the offense of which he was convicted was punishable under subdivision 2 of section 664 of the Penal Code. The court held that the case came within the provisions of subdivision 1 of the section for the reason that burglary of the first degree was punishable "by imprisonment in the state prison for a term which may be extended to fifteen years". An indeterminate sentence is in legal effect a sentence for the maximum term (*In re Lee,* 177 Cal. 690 [171 Pac. 958]) ; and we are satisfied that the construction placed upon section 664 contended for by the People, viz., that the section merely fixes the maximum punishment that may be inflicted for attempts to commit crime is correct.

416

We find no merit in the claim that this construction would result in greater punishments being inflicted for attempts than completed offenses, or that the trial court will be deprived of discretionary power in dealing with attempts, it being clear that where the trial court has discretion with respect to the punishment for completed offenses it will likewise have discretion with respect to attempts to commit such offenses.

No other matters require discussion; and in view of the above conclusion we are of the opinion that the trial court was without authority to sentence a defendant convicted of an attempt to commit burglary of the second degree to imprisonment in a place other than the state prison.

It is, therefore, ordered that a writ of mandate issue, directing respondent court to set aside the judgment entered in the action of the *People of the State of California* v. *Leo Buckbee,* number 2494 in the Superior Court of the State of California in and for the City and County of San Francisco, to arraign said defendant Leo Buckbee for judgment according to law, and to hear and determine such motions as may properly come before the court.