[Crim. No. 1198. Third Appellate District.—April 23, 1932.]

THE PEOPLE, Respondent, v. W. J. SNOW, Appellant.

Archibald M. Mull, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant in this action was charged by the district attorney of the county of Sacramento with the crime of burglary. Upon arraignment the defendant entered a plea of guilty of attempt to commit burglary in the second degree, and was thereupon sentenced to imprisonment in the state prison. From this judgment the defendant appeals.

Only one point is relied upon for reversal, to wit: That under subdivision 2 of section 664 of the Penal Code

the defendant should have been sentenced to the county jail. Subdivision 2 of section 664, *supra,* reads: "If the offense so attempted is punishable by imprisonment in the State Prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year." Subdivision 2 of section 461 of the Penal Code, relative to punishment for burglary in the second degree, specifies punishment by imprisonment for not less than one nor more than fifteen years. There is no limit specified in either of the sections referred to that the punishment shall be less than five years.

Under the rule announced in the case of *In re Lee,* 177 Cal. 690 [171 Pac. 958], a sentence such as we are considering in this case is for the maximum period of the sentence. One-half of fifteen years is seven and one-half years. Thus, subdivision 1 of section 664, *supra,* is applicable here in defining that the maximum punishment is for one-half the period of time of imprisonment that could be imposed as a punishment for the offense attempted, in the event that it had been actually committed.

This case is readily distinguishable from the case of *People* v. *Sama,* 189 Cal. 153 [207 Pac. 893], where it was held that the Indeterminate Sentence Law did not apply, for the simple reason that one-half of one's natural life could not be accurately determined preceding the ending of that life. Here, one-half of fifteen years is, of course, only a matter of calculation, and being a sentence for one-half of that period, it comes within the provisions of section 1168 of the Penal Code giving jurisdiction to the state prison board of sentence and paroles to fix a term of imprisonment at a lesser number of years, or rather, to determine that upon the expiration of a lesser number of years, the defendant will become entitled to his discharge.

The question with which we are dealing is, however, not an open one in this state. In the case of *In re Bellis,* 75 Cal. App. 146 [241 Pac. 910], this court, in Division No. 1 of the First District, in an opinion written by Presiding Justice Tyler, sets forth the law which we think determinative of this case. We quote therefrom the following: "It is claimed that under subdivision 2 of section 664 of the

Penal Code petitioner could only be imprisoned in the county jail for the offense ·to which he pleaded guilty. The code prescribes punishment for burglary as follows: 1. Burglary in the first degree for not less than. five years; 2. Burglary in the second degree for not less than one or more than fifteen years. (Pen. Code, sec. 461.) Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof is punishable, where no provision is made by law for the punishment of such attempts, as follows: 1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison or in a county jail, ˚as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon the conviction of the offense so attempted. 2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years, the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one ˳year. (Pen. Code, sec. 664.) An indeterminate sentence is in legal effect a sentence for the maximum term. (*In re Lee,* 177 Cal. 690 [171 Pac. 985].) The crime of which petitioner pleaded guilty being punishable for not less than one nor more than fifteen years, one-half of the longest term is greater than five years and the crime is, therefore, punishable by imprisonment in the state prison.''

The judgment is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 23, 1932.