[Crim. No. 1654. First Appellate District, Division One.—September 10, 1932.]

THE PEOPLE, Respondent, v. HAROLD LEE et al., Appellants.

Frank M. Carr and W. W. Laidley for Appellants.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—Appellants, with Lee Chong, James Loo You and a woman named Lonie Chan, were charged by a complaint filed in the Police Court of the City of Oakland with the offenses of robbery and conspiracy to commit robbery and extortion. On December 10, 1931, after a preliminary examination the charges against said Lee Chong and James Loo You were dismissed, and appellants, with Lonie Chan, were held to answer to the superior court on the charge of robbery. The district attorney of Alameda County thereafter filed an information charging the four last mentioned with that crime, and later, over their objection, filed an amended information by which was added a second count charging them with the crime of attempt to commit robbery.

The four were duly tried, and Lonie Chan was acquitted on both counts. Appellants were acquitted on the first count and convicted of the crime of attempt to commit robbery of the second degree. Motions by the latter in arrest of

judgment and for a new trial were denied, and the appeal is from the order denying a new trial and the judgment of conviction.

■ Appellants claim that it was error to permit the filing of the amended complaint for the reason that an attempt to commit robbery was not shown by the evidence taken at the preliminary examination, and that their motion to strike therefrom the second count mentioned should have been granted.

The complaining witness, a Chinese named Yip Wong Sun, with one Lin Hoy, conducted a barber-shop on Eighth Street in Oakland. They lived in rooms at the rear of the shop. This witness testified that on November 20, 1931, at about 10 P. M., at the suggestion of said James Loo You, he visited a beauty parlor conducted by Lonie Chan for the purpose of having his hair cut. He was invited into an inner room, and upon his entering she made an outcry. Appellants, with another Chinese, thereupon made their appearance. They seized the witness, threatened him with violence, and took from his person a sum of money and certain jewelry. Upon these acts was based the charge of robbery contained in the first count of the information. According to Lonie Chan, when the complaining witness entered her shop he made improper advances, which led her to call for assistance, and appellants responded. The complaining witness testified that he was held a prisoner in the Chan house until the morning of November 21, 1931, when he was taken by appellants to his own. shop for the purpose of getting from him the further sum of $600. During the night he was induced to sign a writing in Chinese which he copied from a draft prepared by appellants. This paper corroborated the story of Lonie Chan, and therein the witness agreed to pay the last-mentioned sum. The writing was found under a rug in the Chan house by police officers. The witness also testified that when the appellants brought him to his shop they were armed with pistols and threatened violence if the above sum should not be produced. Upon his arrival he ran through the shop and locked himself in a lavatory, at the same time calling to his partner for help and stating that appellants intended to rob him. The partner testified that appellant George Chan said, "We came to get some money," but after some con-

versation appellants departed. According to a police officer, appellants admitted that the complaining witness remained at the Chan house all night, one stating that they were holding him in order that they might obtain a warrant for his arrest. They also admitted that he signed the document mentioned, but all denied that any violence was used or that they were armed. The complaining witness, his partner and a police officer testified substantially as above both at the preliminary examination and at the trial.

As contended by respondent, this testimony tended to establish two separate offenses—first, the alleged robbery at the Chan house on November 20th, and an attempted robbery on the following morning, and the evidence was such as to justify the amendment complained of (*People* v. *Bird*, 212 Cal. 632 [300 Pac. 23]).

■■ Appellants contend that it does not appear that the complaining witness had any sum of which he could be robbed, or that any robbery was attempted.

Under the decisions it was unnecessary to show that the witness possessed any sum, and the evidence was sufficient to support the charge of an attempted robbery (*People* v. *Lee Kong*, 95 Cal. 666 [29 Am. St. Rep. 165, 17 L. R. A. 626, 30 Pac. 800]; *People* v. *Holden*, 13 Cal. App. 354 [109 Pac. 495]; *In re Magidson*, 32 Cal. App. 566 [163 Pac. 689]).

■ With respect to certain instructions, which appellants claim were erroneously refused, the record discloses that the first and second were given; the third referred to the presumption of innocence, and the fourth to the evidence required to overcome this presumption. Other instructions were given which fully covered the matters contained in those offered by appellants, and their refusal was not error. ■ The fifth required the jury to find, before conviction could be had on the second count in the information, that the complaining witness had in his possession or immediate control the sum of $600. Such a finding under the cases cited above was unnecessary and the instruction was properly refused. The sixth was fully covered by another instruction given by the court.

We find no merit in the further claim that the court erred in its rulings on the admissibility of certain evidence.

█ Appellants were sentenced to imprisonment in the state prison. They assign this as error, claiming that they should have been sentenced to imprisonment in the county jail.

As stated, they were convicted of the crime of attempt to commit robbery of the second degree. Section 213 of the Penal Code provides that robbery in the second degree shall be punishable by imprisonment in the state prison "for not less than five years", and robbery in the second degree by imprisonment in the state prison "for not less than one year". Subdivision 1 of section 664 of the same code provides that if the offense attempted is punishable by imprisonment in the state prison for five years or more the person guilty of such attempt is punishable by imprisonment in the state prison for a term not exceeding one-half the longest term of imprisonment prescribed upon conviction of the offense so attempted, provided that if the crime attempted is robbery, such attempt shall be punishable by imprisonment in the state prison for a term of not more than twenty years; and that if the offense attempted is punishable in the state prison for any term less than five years the person guilty of such offense is punishable by imprisonment in the county jail for not more than one year.

It has been held that the word "punishable" as used in the latter section refers to the maximum punishment which may be inflicted (*Ex parte Hope,* 59 Cal. 423; *People* v. *Superior Court,* 116 Cal. App. 412 [2 Pac. (2d) 843]); and that under this section the maximum punishment for an attempt to commit robbery is the same regardless of the degree of the crime attempted (*People* v. *Arguero,* 113 Cal. App. 424 [298 Pac. 520]). We are satisfied that respondent's contention is correct, namely, that for the offense committed by appellants they were punishable under subdivision 1 of the section, and were properly sentenced to imprisonment in the state prison.

█ While there were elements of improbability in the testimony of the complaining witness, we cannot say that his testimony as a whole was unworthy of belief. It was corroborated in material particulars by the testimony of other witnesses, and the question of its weight was for the jury (*People* v. *Raich,* 26 Cal. App. 286 [146 Pac. 907];

*People* v. *Chesney,* 72 Cal. App. 570 [237 Pac. 793]; *People* v. *Castro,* 85 Cal. App. 228 [259 Pac. 117]).

The verdict was fairly sustained, and no error has been shown which would warrant a reversal.

The order and judgment appealed from are accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1932.