[Crim. No. 5130. Second Dist., Div. One. Nov. 3, 1954.]

THE PEOPLE, Respondent, v. RALPH RUSSELL REED, Appellant.

Wallace E. Wolfe and Percy V. Hammon for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Dr. Ralph. Russell Reed, was convicted by a jury of one count of abortion and one count of attempted abortion. Proceedings were suspended, and he was granted five years' probation, with the first year in the county jail. He appeals on both counts. He also appeals from an order denying his motion for a new trial.

In view of differences in the facts, the evidence as to each count will have to be stated separately.

As to the first count, the evidence is that a man and his wife went to defendant's office. The wife told the doctor she thought she was pregnant, and could he give her some medicine, or something that would make her have her period. The doctor said "she was too healthy for something like that," but that he would take care of her.

The wife then went into another room in the doctor's suite, and got upon a table. There defendant inserted an instrument into her private parts. This instrument caused so much pain that she cried out, and asked the doctor to stop. But he went ahead anyway. The husband paid defendant $20, and the couple left.

About two weeks later, the wife had to go to a hospital. She was in pain and was hemorrhaging. She remained in the hospital for about two weeks. Her trouble was diagnosed as ectopic pregnancy, for which surgery was performed. Ectopic pregnancy is a pregnancy in the tube leading to the uterus. "It is an impossible condition, it is an emergency condition," requiring surgery and correction.

In a statement made to the arresting officers, defendant admitted that he was paid $20 for his services in performing an abortion on this woman.

The evidence as to the second count was that a policeman and a policewoman went to defendant's office, pursuant to an appointment made by defendant with the policewoman. The officers represented themselves to be man and wife. The policewoman had given the doctor a fictitious name in arranging for the appointment.

The policewoman testified that she told defendant at his office that she was pregnant, and that she desired to have defendant perform an abortion upon her. The policeman was there at the time. The three discussed a fee and agreed upon $100.

The officers went with defendant into his operating room. There the policeman paid defendant $80, and left the room. Defendant then told the woman to get onto the operating table; that he was going to dilate her uterus and scrape her. Defendant took a weighted speculum from a sterilizer tray, and ran cold water over it. Then defendant took the speculum in his hands. Before the woman got onto the table, the policeman came back into the room, with his sergeant, and arrested defendant.

In his statement made to the officers after his arrest, defendant said that he had agreed to terminate the policewoman's "pregnancy"; that when she was in his operating room he was "getting ready."

Defendant argues that the evidence was insufficient to sustain the verdict as to both counts; that the testimony of both women was not corroborated to the extent required by section 1108 of the Penal Code; that there was not sufficient proof that a public offense had been committed to warrant admission of defendant's statements; and that it was error for the court: (a) to refuse to instruct the jury as to the law of entrapment, (b) to refuse an instruction defining the essential elements of the crime of abortion, and (c) to give an instruction that it was not a defense to a charge of abortion, or attempted abortion, that the woman was not in fact pregnant, or that no miscarriage was in fact produced.

■ So far as the first count is concerned, there is no merit to any of defendant's contentions. Indeed, it would be hard to find a case with more complete proof of the crime of abortion. The abortee said she felt the instrument used by defendant on her person. Arrangements had been made for an abortion. The woman was perfectly healthy, and there was no medical necessity apparent to defendant for an abortion. Her husband paid at least a part of defendant's fee. Defendant himself admitted all the elements of the crime.

■ The corroborating evidence was sufficient. If such evidence connects the defendant with the crime in such a way as to reasonably satisfy the trier of fact that the accomplice is telling the truth it is sufficient. (*People* v. *Wilson*, 25 Cal.2d 341 [153 P.2d 720]; *People* v. *Reimringer*, 116 Cal.App.2d

332 [253 P.2d 756].) And the jury was fully and fairly instructed as to all the elements of the crime charged.

The second count presents more difficulty. Defendant makes a strong argument in the light of *People* v. *Gallardo,* 41 Cal.2d 57 [257 P.2d 29], that defendant's conduct at most was no more than mere preparation and did not approach the commission of the act sufficiently to constitute the legal concept of criminal attempt.

 After a careful examination of the record, this court is of the opinion that the proof of the attempt is sufficient. Here defendant started to employ means to procure a miscarriage. (See *People* v. *Gallardo, supra,* at page 66; also *People* v. *Raffington,* 98 Cal.App.2d 455 [220 P.2d 967].)

 But it was the duty of the court to instruct the jury on the doctrine of entrapment. (*People* v. *Alamillo,* 113 Cal. App.2d 617 [248 P.2d 421] ; *People* v. *Gallagher,* 107 Cal.App. 425 [290 P. 504].) Entrapment was an issue as to that count. It was, of course, for the consideration and determination of the jury. But it was the right of defendant to have the jury so instructed. For that reason the conviction on the second count must be reversed.

 Defendant appeals from the judgment of conviction. No judgment was entered, defendant having been placed on probation. However, pursuant to section 1237 of the Penal Code, "an order granting probation shall be deemed to be a final judgment within the meaning of this section."

The judgment of conviction of abortion and the order denying defendant's motion for a new trial, as to count one, are, and each of them is, affirmed.

The judgment of conviction of attempted abortion and the order denying defendant's motion for a new trial, as to count two, are, and each of them is, reversed.

White, P. J., and Doran, J., concurred.