[Crim. No. 3028.   First Dist., Div. Two.   Feb. 28, 1955.]

THE PEOPLE, Respondent, v. ADOLPHUS A. BERGER, Appellant.

Leslie C. Gillen and William F. Cleary for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant appeals from a judgment convicting him of an attempt to commit an abortion and from the order of the trial court denying his motion for a new trial.   Appellant was indicted jointly with Inez L. Burns. The indictment contained several counts but it was agreed that the prosecution would proceed on count 2 charging an attempt to commit abortion; appellant and his counsel waived a jury trial and stipulated to submit the charge to the trial judge on the testimony given before the grand jury.

The evidence may be summarized as follows:   Adrienne

Scheuplein, an investigator for the district attorney, went to the office of appellant, a licensed physician. She introduced herself as Kathryn Phillips and told appellant that she was pregnant and that she had come to him for the same reason as the young woman who had referred her to him. He directed her to go to a laboratory for a test to establish pregnancy. She was later informed by telephone that the test was positive and requested to call again at appellant's office. When she went to his office the second time the codefendant Burns was there. Appellant told Mrs. Scheuplein that it was difficult to do anything about her problem and asked if the operation could be performed at the place where she was staying. It was subsequently arranged that the operation should be performed at Mrs. Scheuplein's home. Appellant told Mrs. Scheuplein that a suitcase would be delivered at her home and that the person who would perform the operation would get in touch with her and he gave her specific instructions on preparing herself for surgery. The suitcase was delivered that night and the following morning Inez Burns arrived.

Mrs. Burns went to the kitchen and began making arrangements for the operation. The suitcase containing the surgical instruments was brought into the kitchen, the instruments were wrapped in towels and placed on the stove in pans of water to boil. A sheet was placed over the window to conceal it from the view of any person outside. Mrs. Burns placed cotton, jars of pitocin, ergotrate, metsol and ammonia and a large roll of gauze on a side table. Mrs. Scheuplein paid Mrs. Burns $525 in marked money. These activities occupied about 45 minutes during which Mrs. Burns talked of her past activities and reassured Mrs. Scheuplein about the pending operation. When the water in the pans containing the instruments was starting to boil Mrs. Scheuplein went upstairs, supposedly to disrobe, and the police arrived and arrested Mrs. Burns. Mrs. Burns admitted that she was there for the purpose of performing an abortion. Other details of evidence connecting appellant with these activities need not be stated since no claim is made that if Mrs. Burns was guilty of the crime charged the appellant could not under the evidence be found guilty also.

Appellant makes two arguments on appeal: 1. that under our statutory law there can be no such crime as an attempt to commit abortion; 2. that the evidence in any event is not sufficient to support the conviction.

Penal Code, section 274, defines the crime of abortion as follows: "Every person who provides, supplies, or administers to any woman, or procures any woman to take any medicine, drug or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the state prison not less than two nor more than five years."

It is appellant's position that this section itself makes an attempt to procure a miscarriage the substantive offense and hence Penal Code, section 664, which only applies "where no provision is made by law for the punishment of such attempts," is not applicable. Tersely appellant argues that there can be no such crime as an attempt to attempt. The argument is one of semantics rather than logic. The Legislature could have made the actual inducement of a miscarriage the substantive offense, in which event the acts prohibited by Penal Code, section 274, would have constituted an attempt (in which case other preceding acts might also be sufficient to constitute an attempt). But the Legislature has chosen to make those acts performed with intent to procure a miscarriage the substantive offense and no logical reason appears why the attempt to commit that substantive offense does not fall within the definition of Penal Code, section 664. To apply the sections to this particular case: "Every person . . . who uses or employs any instrument . . . with intent thereby to procure" a miscarriage is guilty of the substantive offense. No good reason appears why any person who attempts "to use or employ any instrument" with the same intent is not guilty of an attempt under Penal Code, section 664. While this question has apparently not been suggested before it is significant that the courts have held that a person may be guilty of an attempt to commit an abortion as that crime is defined in Penal Code, section 274. (*People* v. *Gallardo,* 41 Cal.2d 57 [257 P.2d 29]; *People* v. *Raffington,* 98 Cal.App.2d 455 [220 P.2d 967]; *People* v. *Reed,* 128 Cal.App.2d 499 [275 P.2d 633].)

Appellant points out that the black letter heading of section 275, Penal Code, which prohibits similar acts by a pregnant woman herself reads: "Submitting to an attempt to produce miscarriage." The offense is not the same, but even if it were, while the black letter headings of sections of the code may be looked to in case of ambiguity they are not conclusive. (*Ex parte Koser,* 60 Cal. 177, 192; *Aebli* v.

*Board of Education,* 62 Cal.App.2d 706, 738 [145 P.2d 601].)

We are satisfied that where, as here, the Legislature makes certain acts a complete substantive offense the attempt to commit those acts falls under Penal Code section 664.

The more serious question is whether the acts performed by Mrs. Burns amounted to no more than mere preparation. The cases make clear that mere preparation to commit a crime does not constitute an attempt to commit it, but the drawing of the line between mere preparation and attempt in close cases is not an easy task. It may be drawn from the cases that where the intent to commit the substantive offense is as clearly established as it is here acts done toward the commission of the crime may constitute an attempt, where the same acts would be held insufficient to constitute an attempt if the intent with which they were done is equivocal and not clearly proved. Thus in *People* v. *Miller,* 2 Cal.2d 527, 531-532 [42 P.2d 308, 98 A.L.R. 913], Mr. Justice Shenk, writing for the court, said: ''The reason for requiring evidence of a direct act, however slight, toward consummation of the intended crime, is, as pointed out by the author in Wharton's Criminal Law, that in the majority of cases up to that time the conduct of the defendant, consisting merely of acts of preparation, has never ceased to be equivocal; and this is necessarily so, irrespective of his declared intent. It is that quality of being equivocal that must be lacking before the act becomes one which may be said to be a commencement of the commission of the crime, or an overt act, or before any fragment of the crime itself has been committed, and this is so for the reason that so long as the equivocal quality remains no one can say with certainty what the intent of the defendant is.''

After reviewing certain cases Justice Shenk commented: ''These cases illustrate the small class of cases where the acts of preparation themselves clearly indicate the certain unambiguous intent and suffice to constitute the attempt.''

More concisely the court said in *People* v. *Anderson,* 1 Cal.2d 687, 690 [37 P.2d 67]: ''Whenever the design of a person to commit crime is clearly shown, slight acts in furtherance of the design will constitute an attempt.''

The rule was thus stated in *People* v. *Fiegelman,* 33 Cal. App.2d 100, 105 [91 P.2d 156]: ''Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of that design will constitute an attempt, and the courts should not destroy the practical and common-

sense administration of the law with subtleties as to what constitutes preparation and what constitutes an act done toward the commission of a crime.''

It may be added that even where the intent is clearly proved: ''In order to establish an attempt, it must appear that the defendant . . . did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished.'' (*People* v. *Gallardo, supra,* 41 Cal.2d 57, 66.)

In *People* v. *Gallardo* the court held that arranging for abortions, filling out hospital cards of the intended abortees and accepting money for the proposed operations were not acts sufficient to constitute attempts to commit abortions, even though the intent of the defendant was clearly established. In *People* v. *Buffum,* 40 Cal.2d 709 [256 P.2d 317], it was similarly held that making arrangements for abortions to be performed in Mexico and transporting the women to Mexico for that purpose were mere acts of preparation and could not constitute attempts.

On the other hand in *People* v. *Reed, supra,* 128 Cal. App.2d 499 while the intended abortee was not yet on the operating table the defendant took a speculum from the sterilizer and ran cold water over it. He was arrested at that moment. The court concluded that this was sufficient to constitute an attempt saying (p. 502): ''Here defendant started to use the means to procure a miscarriage.''

In the case before us the acts performed by appellant's confederate were one step removed from those in the Reed case. Appellant had placed the instruments in pans on the stove for the purpose of sterilizing them in boiling water, and the problem presented is, the intent with which this act was done being clearly and unequivocally established, did this amount to a mere preparation, or was it a first step in the commission of the intended crime itself and thus sufficient to constitute an attempt?

The case most closely in point on its facts appears to us to be *People* v. *Lanzit,* 70 Cal.App. 498 [233 P. 816]. In that case defendant was convicted of an attempt to commit murder. He prepared a bomb for the purpose of killing his wife. With an assumed confederate the bomb, without a fuse attached, was taken to the proximity of the wife's home. While attempting to attach the fuse, but before this had been accomplished, defendant was arrested. The court

held that, the intent being clear, these acts went beyond mere preparation and constituted an attempt.

Similarly in *People* v. *Stites,* 75 Cal. 570 [17 P. 693], defendant had prepared a bomb with intent to blow up a railroad track. He was arrested while carrying the bomb away from the track, his intention being to approach the track at a more distant point. The court held that, while the act was equivocal, the intent was clearly proved as an independent fact (75 Cal. p. 578) and hence the conduct was sufficient to constitute an attempt.

In *People* v. *Gibson,* 94 Cal.App.2d 468 [210 P.2d 747], defendant took a ladder in the nighttime with intent to burglarize some building in the locality. He had not yet selected the building to be burglarized when he was apprehended. The court affirmed a conviction of attempt to commit burglary since the intent was clearly proved by defendant's admissions. The court said (p. 470): "It is not necessary that the overt act proved should have been the ultimate step toward the consummation of the design. It is sufficient if it was 'the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made'."

It is a matter of common knowledge that the sterilization of the instruments to be used in a surgical operation is the first step taken in the performance of the operation in modern surgical procedure. In a case where the intent was not clearly established the boiling of surgical instruments might be too equivocal an act to be held to constitute an attempt, but we have concluded that, since the intent with which this act was done in this case is established beyond any doubt, the boiling of the surgical instruments under the reasoning of the authorities cited was an act done toward the commission of the crime and hence sufficient to support the judgment.

Judgment and order affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 30, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.